Woodbury *v.* Parker.

JOHN WOODBURY *v.* NATHAN PARKER.

An officer, who acts, in the sale of property upon execution, merely by force of his process cannot make a sale of such property to himself, and does not, by such attempted sale, acquire even a defeasable title to the property, good against all persons but the debtor and creditor.

It is doubtless true, that the parties conjointly, and perhaps the debtor alone, may authorize an officer, in such case, to become himself the purchaser of the property. ROYCE, J.

But where there is no offer to prove the assent of the debtor to such purchase by the officer, and the officer did not, after the sale, take and retain the possession of the property, his return upon the execution, showing a sale to himself, is not admissible evidence to show title in him to the property, even as against a mere trespaser, who is a stranger to all title, notwithstanding it appears, by the creditor's receipt upon the execution, that he has received from the officer the full amount at which the property was sold.

45

TROVER for a pair of oxen. Plea, the general issue, and trial by jury, May Term, 1844.—HEBARD, J., presiding.

On trial the plaintiff, to prove title in himself to the oxen, offered in evidence an execution in favor of Solomon Downer against Jay Wilson and Hiram Wilson, which it was conceded was placed in the hands of the plaintiff, as deputy sheriff, for collection, and also the return of the plaintiff thereon, as deputy sheriff, from which it appeared, that the property in question was turned out to the plaintiff by Hiram Wilson, to be levied upon, and that the property was duly advertised for sale, and that at the sale the plaintiff was himself the highest bidder for the property and became the purchaser, and that the debtor who turned out the property was present at the sale. It also appeared, by the creditor's receipt upon the execution, that the full amount due upon the execution had been paid to him by the plaintiff. It appeared from the return, that the sale was made August 13, 1838; and the conversion of the property by the defendant was alleged to have been on the first day of September, 1839. The defendant objected to the return as evidence, upon the ground that it had no tendency to prove title in the plaintiff to the oxen; and it was excluded by the court.

Other testimony was introduced; and the case was submitted to the jury under a charge, to which no exceptions were taken.

Verdict for defendant. Exceptions by plaintiff.

J. Barrett and Tracy & Converse for plaintiff.

The question raised by the bill of exceptions is, whether the return on the execution was admissible, as tending to show title in the plaintiff to the oxen. His title was acquired by virtue of the sale evidenced by the return. The return was the proper evidence of such sale. 6 Vt. 64. 2 Vt. 181. A sale by an officer to himself is not void. It gives a good title, until impeached. The mere fact of his being both seller and buyer does not constitute such impeachment. He is treated in the cases as standing in the position of trustee for both debtor and creditor. The general principle, governing sales made by trustees, in which they purchase the property sold, is not that the sale is void, but that the purchase enures to the benefit of the cestui que trust, if he choose so to claim. Hapgood v. Jennison, 2 Vt. 294, 302, 305. Davoue v. Fanning, 2 Johns. Ch. R. 252. A person not party to nor interested in the sale can-

not question the title acquired by it. *Mead et ux.* v.*Byington et al.*, 10 Vt. 115, 122. *Jackson ex d. McCarty* v. *Van Dalfsen*, 5 Johns. 43. *Jackson ex d. Colden* v. *Walsh*, 14 Johns. 406, 415, *Sheldon* v. *Sheldon*, 13 Johns. 220.

If it should be held to be incumbent upon the plaintiff to show the assent of the creditor and debtor to the sale, the return should be admitted, to show the subject matter of such assent, and as properly preceding the proof thereof. But we claim, that such assent will be presumed, and that, if advantage would be taken of the want of it, such want should be shown by the defendant.

*A. P. Hunton* for defendant.

The deputy sheriff could not sell to himself. *Mills* v. *Goodsell*, 5 Conn. 475. There must be two parties to every contract; Chit. on Cont. 9, 12; 2 Bl. Com. 442; 2 Kent 450; 1 Sw. Dig. 172, 173; 1 Pow. on Cont. 6, 7. A sale is a contract for the transfer of property from one to another. 2 Kent 468; 2 Bl. Com. 446; Chit. on Cont. 373; and mutual consent to it is requisite; 2 Kent 477; 1 Sw. Dig. 376. A sheriff holds chattels in trust; he has a special property therein, and a right to the possession; and his interest survives to his administrator; *Johnson* v. *Edson*, 2 Aik. 299; *Sewell* v. *Harrington*, 11 Vt. 141; *Hall* v. *Walbridge*, 2 Aik. 215. A person standing in a fiduciary relation cannot purchase the property, even of the person who has the beneficial interest in it; *Mead et ux.* v. *Byington et al.*, 10 Vt. 116; *Hapgood* v. *Jennison et al.*, 2 Vt. 294; *Adm'r of North* v. *Barnum*, 10 Vt. 220; 1 Story's Eq. 312, § 317; Ib. 316, § 321; 1 Madd. Ch. 111; Story on Bail. 213, § 319; *Oliver et ux.* v. *Court et al.*, 8 Price 127, [3 Excheq. R. 313, 331.] The reasons why a sheriff should not be permitted to become an absolute purchaser at his own sale are as strong as they can possibly be in any case. It is his duty to sell the property at auction for the best price that can be obtained. The mode of conducting the sale is mostly, and of necessity must be, in his discretion. He may so conduct as to injure both creditor and debtor, without any possibility of redress. He may make a return and thus prove his title, or neglect to make it, and prove title by parol; *Gates* v. *Gaines* 10 Vt. 346. No defect in his return, when made, or irregularity or impropriety in his proceedings, will affect his title; *Bates* v. *Carter*, 5 Vt. 602; *Adm'r of Janes* v. *Martin*, 7 Vt. 92;

*Hale* v. *Miller*, 15 Vt. 211. Any one thinking himself aggrieved can sue the sheriff; Ib. And in case of a deputy, the bail can, as is usual, procure a discharge from the sheriff, and the question as to the misconduct of the officer can be tried by his own oath.

The case shows, that the defendant was neither debtor, nor creditor, in the execution. His claim, then, must have been as a subsequent purchaser, or attaching creditor; and having received the possession from the debtor, he stands in as favorable position as the debtor himself, having the possession.

If what was done amounted to a purchase from the debtor, or from both creditor and debtor, or if the plaintiff acquired a claim to the property by having paid the debt and thereby removed the lien of the creditor upon the property, or by having made himself liable for the debt, his title arose from no official act, and could not be proved by a return made by him.

The opinion of the court was delivered by

RoYCE, Ch. J. On trial the plaintiff, to show title to the property sued for, produced in evidence a writ of execution in favor of Solomon Downer against Jay Wilson and Hiram Wilson, together with his (the plaintiff's) return upon it, as a deputy sheriff, showing a levy upon the oxen, being the property of Hiram Wilson, and a sale of the same at auction to himself. The return was objected to, as not legally tending to show title, and was excluded by the court. The correctness of that decision is the only matter to be considered.

The case, by the bill of exceptions, is entirely bare of all other facts and circumstances; and the defendant appearing on the case, as brought here, in the character of a stranger to all title, it might seem, at first view, that the return did tend to show, at least, a lawful possession of the oxen, acquired by the levy upon them,—which would be a sufficient title on which to recover against a mere wrong doer. But since it appears that the case did not stop upon that evidence being rejected, and that other evidence was introduced, (though the nature or tendency of it is not given,) it should, doubtless, be understood, that no possession was in fact continued by the plaintiff until the time of the conversion by the defendant,— which is alleged to have happened between one and two years after the sale at auction. If the levy did not terminate in the trans-

mission of a *title* to the plaintiff, it was abandoned, together with all actual or constructive possession connected with it.

The sole question, then, is, whether an officer, acting under legal process, can sell property to himself.

According to all the authorities, such an officer, in addition to his character as a minister of the law, is regarded as a sort of trustee and agent, both for the creditor and debtor. The two characters place him on higher and more responsible ground than a mere private trustee, or agent. And if the latter is not permitted to acquire a personal interest in the matter of his agency, much less should such indulgence be granted to the former.

It is urged, however, that he may take, at least, a defeasible title, good against all persons but the debtor and creditor. This is, indeed, the general rule in the case of a private agent and trustee. And it is doubtless true, that the parties conjointly, and perhaps the debtor alone, may authorize an *officer* to become himself the purchaser. In such a case, however, the purchase is virtually made from the debtor, with the creditor's assent,—if such assent is necessary. But so long as he acts without such concurrence of the parties, and merely by force of his process, the injunction against assuming such a personal interest should be stern and inflexible. To hold otherwise would be to place him under constent temptation to relax and violate his duty, in furtherance of selfish objects.

This is the view, which has been strongly expressed in *Mills* v. *Goodsell*, 5 Conn. 475, *Pierce* v. *Benjamin*, 14 Pick. 359, and *Perkins* v. *Thompson*, 3 N. H. 144. And we think the sound and just rule to be, that the process, of itself, does not empower the officer to make a sale to himself; and that, without authority from the parties, (or the debtor, at least,) such an attempted sale involves an inconsistency and contradiction in terms, in supposing a party to contract with himself.

It follows, that, if the sale of an officer to himself is relied upon, it should appear to have been made with the assent and concurrence of those, whose interests were to be affected,—of both creditor and debtor according to the case of *Mills v. Goodsell*,—and of the debtor, at least, according to all the others. And since there was no offer, in the present case, to accompany the execution and return with proof of such assent, they were properly rejected.

Judgment affirmed.