## BANKS *v.* WERTS.

A contract for the sale of goods on *Sunday* is void; but the parties by subsequently acting upon it as a subsisting and valid agreement may ratify it.

APPEAL from the *Miami* Circuit Court.

DAVISON, J.—*Banks* sued *Werts* to recover a stock of goods in the *Hartpence* store-room, in *Miami* county.

The answer to the complaint admits the defendant's possession of the goods, denies that they belonged to the plaintiff, and alleges that he, defendant, is the sheriff of

said county, and that by virtue of two executions in his hands, against one *Lewis Wilkinson*, he levied upon the goods in contest as *Wilkinson's* property, and holds them under that levy.

Reply in denial of the answer.

The jury found specially, in answer to interrogatories propounded by the Court; also a general verdict for the defendant; and the Court, having refused a new trial, rendered judgment.

The record presents these facts: On *Saturday, January* 26, 1856, *Wilkinson* proposed to sell the goods to the plaintiff; the terms of sale were then talked over; and on *Sunday, January* 27, a bill of sale of the same goods was signed and delivered to the plaintiff, and with it the keys of the store-room in which the goods were situate. The plaintiff was to pay *Wilkinson* 2,100 dollars for the goods— 1,000 dollars of which was to be paid by the surrender of notes for that amount then held by plaintiff against *Wilkinson*, and the residue to be paid in the payment of certain specified debts which he, *Wilkinson*, then owed, amounting to 1,100 dollars. On *Monday, January* 28, the plaintiff opened up the store, and on the next day, *Tuesday*, surrendered to *Wilkinson* the notes, amounting to 1,000 dollars. The plaintiff continued in possession of the goods until the 10th of *April*, 1856, when they were levied on by the defendant as sheriff, &c. During the time the plaintiff so held the goods in possession, *Wilkinson* was frequently present in the store-room, and saw him dispose of various articles of the store goods, but made no objection. It was proved that the plaintiff, in addition to the surrender of the notes, had, afterwards and before the levy, paid some of the debts which he had agreed to pay.

The plaintiff, at the proper time, moved this instruction:

"Although a contract entered into on *Sunday* is void, yet if the parties, on a proper day, affirmed the contract by complying with its terms, it thereby became their contract on a proper day, and binding on them."

The Court refused so to instruct the jury, but instructed as follows:

"A contract made on *Sunday* is absolutely void, and no subsequent ratification can give it validity."

Are these rulings, when applied to the case made by this record, correct?

It has been often decided that a contract entered into on *Sunday* is void, on the ground that it is an act of common labor, the exercise of which on that day is forbidden by the positive provisions of a statute. *Link* v. *Clemmens*, 7 Blackf. 479.—*Reynolds* v. *Stevenson*, 4 Ind. R. 619. And further, the general rule is, that a void contract is not susceptible of ratification. *The State* v. *The State Bank*, 5 Ind. R. 353.—Story on Agency, pp. 240, 241.

If, then, the case before us rested on the mere fact of the sale and delivery of the store goods on *Sunday*, no Court would lend its aid to enforce the contract. But there is a class of cases which assume the position that the parties to such void contract may, on a subsequent day, so act in reference to its performance as to ratify it, and, in effect, make it a new contract.

Thus, in *Williams* v. *Paul*, 6 Bing. 653, the contract was executed on *Sunday*, the property was retained by the defendant, and afterwards, on another day, he promised to pay for it. The Court held that the subsequent promise was sufficient on a *quantum meruit*, or as a ratification of the agreement made on *Sunday*.

So, in *Summer* v. *Jones*, 24 Verm. R. 317, the plaintiff, on *Sunday*, sold a horse to the defendant, for which, on the same day, he gave the plaintiff his note. Afterwards he made two payments on the note, and retained the property without offering to return it. *Held*, that these payments on the note, accompanied by the retention of the property, was a subsequent ratification of the contract, and that the plaintiff was entitled to recover on the note. See, also, *Adams* v. *Gay*, 19 Verm. 353; *Sargent* v. *Butts*, 21 *id*. 99; *Clough* v. *Davis*, 9 N. Hamp. 500; *Smith* v. *Bean*, 15 *id*. 576.

In *Adams* v. *Gay*, *supra*, the Court say: "Contracts made on *Sunday* should be held an exception, in some sense, from the general class of contracts which are void

for illegality. They are not tainted with any general illegality, but are illegal only as to the time in which they are entered into. It is not sufficient, to avoid them, that they have grown out of a transaction on the *Sabbath.* And although closed upon that day, yet if affirmed upon another day, they then become valid."

These decisions relate alone to contracts made on *Sunday.* They proceed on the ground of a retention of the property, and subsequent ratification by the parties; and in principle they seem to be correct. Do they apply to the case at bar?

Here the terms of the sale were agreed on, and the property delivered to the plaintiff on *Sunday;* but he retained possession until it was levied on by the sheriff, and, in the meantime, with the assent of the vendor, sold portions of it in the ordinary course of business; and, in addition, on a day subsequent to the sale, paid, and the vendor received, at least one-half the consideration for which he sold the property. This, in view of the authorities to which we have referred, was, obviously, a ratification of the contract by the parties. And the result is, the instruction moved by the plaintiff should have been given, and that given must be held erroneous.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*N. O. Ross* and *R. P. Effinger,* for the appellant.