Chandler *v.* Moulton et al.

---

GEORGE B. CHANDLER *v.* HIRAM MOULTON AND OTHERS.

*Tax Sale.    Collector.*

A tax collector cannot personally or by agent purchase real estate at an official sale thereof made by himself to satisfy unpaid taxes assessed against it, and acquires no title to it by such transaction, notwithstanding the statute provides for a redemption of the property by the owner within a year after the sale, and the owner fails to redeem.

EJECTMENT for a lot of land in Newark. Plea, the general issue, and trial by jury at the December Term, 1859,—POLAND, J., presiding.

The plaintiff read in evidence a deed of the lot in question, dated April 14th, 1846, from James L. Porter to himself; and proved that one Melcher was in possession of the lot under a bond for a deed from the plaintiff from 1846 to 1854, when he surrendered it to the plaintiff; that the plaintiff in 1854 sold the lot to one Silsbee and gave him a bond for a deed and took his notes; that Silsbee continued in possession till 1858, when the contract between him and the plaintiff was given up, and Silsbee put one Bunker into possession as tenant of the plaintiff, who remained in possession until May or June, 1858, when the defendants, claiming to have derived title to the lot through the proceedings mentioned below, took possession thereof and had since remained in possession.

The defendants introduced evidence tending to show a sale of the lot in question, in 1856, by the defendant Moulton, as constable and tax collector of Newark, for non-payment by the plaintiff of certain State and town taxes, assessed thereon according to law; and also gave evidence tending to show that a certain school tax, assessed by the district in which the lot was situated, was included in the amount for the satisfaction of which this sale was made, but the evidence of the voting and raising of this school tax in a legal manner was imperfect in some particulars which, under the decision of the case, it is not material to set forth. The defendants then read in evidence a deed of the lot from the defendant Moulton, as collector, to Jabez Smith, dated Sept. 30th, 1857, also a deed from the latter to the defendant Beals, dated Oct. 1st, 1857, of the same lot.

All the foregoing evidence of the defendants was objected to by the plaintiff, but was admitted subject to all questions as to its admissibility and legal effect.

The plaintiff then proved that the defendant Moulton applied to Jabez Smith to bid off the lot at the tax sale, and told him he wished him (Smith) to bid it off in his name, and that he (Moulton) would pay the tax; that Smith accordingly consented to have the lot set down as sold to him, but never paid anything whatever thereon; that the next day after the year of redemption expired, the defendants Moulton and Beals called on Smith with a deed of the lot made out from Moulton to Smith and

Chandler *v.* Moulton et al.

another deed drawn up for Smith to sign, conveying the lot to Beals ; that Smith hesitated about signing the deed, and said to the defendants that Silsbee was poor and he did not wish to injure him ; and that thereupon Moulton pledged himself to Smith that his executing the papers should not injure Silsbee in any way; that Smith then accepted the deed from Moulton and signed the deed to Beals ; and that Smith never paid the tax or costs for which the land was sold, or for the conveyance or recording, but acted wholly at the request and for the benefit of the collector Moulton.

The county court decided, upon the evidence, that the defendants acquired no title whatever to the premises by the sale and conveyance by Moulton, and that the plaintiff was entitled to recover ; and a verdict was directed for the plaintiff accordingly.

To this decision and direction the defendants excepted.

*G. C. & G. W. Cahoon*, for the defendants.

*T. Bartlett*, for the plaintiff.

BARRETT, J. We are inclined to think the county court decided the case as upon a demurrer to the evidence. The propriety of this is not seriously questioned in the argument. The plaintiff claims upon two grounds only that the ruling of the county court ought to be sustained :—1st, that the constable, Moulton, was virtually the purchaser of the property at his own official sale, and said sale was therefore invalid. 2d, that said sale being entire, in satisfaction of all the several taxes in the aggregate, it is invalid on account of the failure to show that the district school tax was legally voted and assessed. The view we take of the former of said grounds renders it needless to consider the latter.

Upon the facts before us, we are unable to avoid the conclusion that Smith bid upon, and bid off said property by the procurement, as the servant, and in behalf, of the defendant Moulton ; so that, in legal effect, Moulton was the purchaser upon his own sale.

In *Woodbury* v. *Parker*, 19 Vt. 353 it is decided, that a sale of personal property on execution by an officer to himself is abso-

lutely void, not conveying any title even as against entire strangers. This was only a specific application of a doctrine which has for a long time, and with entire uniformity, been applied to sales made by persons sustaining a trust relation, whether official or private, to property under their control, and saleable by them in virtue of such relation.

We are unable to maintain the distinction taken in the argument between the decided cases, and the one in hand, on the ground that here was a sale of real estate for taxes under the statute, which provides for a redemption of the property within a year by the owner. The matter of *policy*, which is prominent in all the cases, and may perhaps be regarded as the main ground of the rule, would seem to be as cogent a reason for denying to the collector of taxes the right of purchasing at his own sale, as for denying that right to a sheriff or any other officer sustaining fiduciary relations to the property to be sold ; and certainly the logical reason is quite as strong.

In *Pierce* v. *Benjamin*, 14 Pick. 356, MORTON, J., says : "The respective duties of buyer and seller are incompatible with each other, and no person, in whatever capacity he may undertake to act, can rightfully sustain both characters." In *Perkins* v. *Thompson*, 3 N. H., 144, RICHARDSON, Ch. J., says : "The character of vendor and purchaser of the same article at the same time, are inconsistent, and cannot be united in the same person." In *Mills* v. *Goodsell*, 5 Conn. 475, BRAINARD, J., states the rule and the reason for it with great clearness and force. "An agent cannot bid at the auction of property which he is authorized to sell, and thereby become the purchaser of it. And the reason is, that otherwise great frauds might be practiced without detection. The law takes from the agent the power of being dishonest by removing the means of temptation."

This view of the reason of the rule is prominent in all the other cases that were cited, as well as those within this State, as elsewhere.

In our opinion therefore, the sale in question was ineffectual to divert Chandler's title to the property, and so the defence was properly overruled by the county court.

The judgment is affirmed.