## ALDEN E. JUDEVINE v. WM. A. WEAKS.

*Evidence. Sheriff's Sale. Fraud. Burden of Proof.*
*Deposition Suppressed. Presumption.*

1. When both the plaintiff and defendant claim to have derived title to the property in question from the same party,—the one by sheriff's sale, and the other by private sale,—what the defendant said to his vendor, subsequently to his contract of purchase, in the absence of the plaintiff, is not admissible in behalf of the defendant.
2. The burden of proof is on the party attempting to impeach a sheriff's sale, to prove that it was fraudulent, and not on the purchaser, that it was *bona fide.*
3. It is proper to inquire of a party whether he has taken the deposition of a witness supposed to be familiar with the matter in contention; but not as to the contents of the deposition.
4. It is presumed that a deposition contains evidence against the party suppressing it; and that a sheriff's sale, regular in form, was made in good faith.

TROVER for 400 sap buckets. Plea, not guilty and notice. Trial by jury, June Term, 1883, Caledonia County, Ross, J., presiding. Judgment for the defendant.

The plaintiff's evidence tended to show that he obtained a judgment against one Williams by confession, and

that the buckets were sold to him by an officer at public auction on his execution against Williams.

The defendant claimed that the sale of the buckets on the execution was collusive between plaintiff and Williams, and not intended to pass the property, or, at most, only a sale by Judevine for the benefit of Williams, and so that Judevine could hold additional security upon Williams' property; that Judevine on the day of the sale, in the hearing and presence of defendant, authorized Williams to sell the property that he, Judevine, had bid off at said sale, it being the property sued for, and receive pay for it; and that he, defendant, afterwards, some time in the spring of the year, purchased said property of Williams and paid him for the same.

As to the deposition the plaintiff was compelled to testify: "I have taken deposition of Frank Williams. Saw it last about one year ago in possession of Mr. Carter; think he testified in deposition in regard to his relation to property, and his right to sell it."

The jury returned a special verdict, and found: (1) that the sale from Williams to the plaintiff was *bona fide;* (2) but that the sale was "a mere device to give the plaintiff further security for his debt against Williams"; (3) that the plaintiff authorized Williams to sell the buckets and receive the pay.

*Harry Blodgett,* for the plaintiff.

It was error to compel the plaintiff to testify as to the contents of the deposition. *Seward* v. *Garlin,* 33 Vt. 583, 593; *Thornton* v. *Thornton,* 39 Vt. 122. It was error to admit the defendant's declaration, even if Williams was the plaintiff's agent. 39 Vt. 29; 30 Vt. 30; 42 Vt. 286; 46 Vt. 113; 25 Vt. 289. There was error in the charge of the court as to the burden of proof. *Fitzpatrick* v. *Peabody,* 51 Vt. 197; 10 Vt. 346; 36 Vt. 645; 20 Vt. 612.

*Belden, Ide & Stafford*, for the defendant.

The evidence as to the deposition was proper. *Seward* v. *Garlin*, 33 Vt. 583; *Blatch* v. *Archer*, Cowp. 63; Am. L. Rev. No. 2, March and April, 1884, p. 166. Davidson's testimony as to the conversation between the defendant and Williams was properly admitted, as Williams was the plaintiff's agent to sell the property. The charge of the court as to the burden of proof relates solely to the question of the plaintiff's original title to the property. On this issue the jury found for the plaintiff; but they also found that the plaintiff authorized Williams to sell to the defendant; hence, plaintiff was not injured by the charge. *Davis* v. *Judge*, 46 Vt. 655; 43 Vt. 450; 42 Vt. 90. But the burden was on the plaintiff to establish his title, either by presumption or otherwise.

The opinion of the court was delivered by

REDFIELD, J. The plaintiff claims title to the property in question by virtue of a sheriff's sale on his execution against one Williams. The action is trover; the plea is general issue, with notice of special matter, that defendant would prove on trial that the sale of the property to the plaintiff was collusive and fraudulent, &c.

I. "The defendant introduced as a witness in his behalf one Chas. O. Davidson, who testified that he worked for defendant in the summer of 1878, and that he heard a conversation between defendant and said Williams, at which plaintiff was not present;" and against plaintiff's objection and exception the witness testified: "I heard defendant say to Williams, 'If you pay me I shall fulfil on my part.'" The exceptions state, in explanation of the ground and reason of admitting the evidence: " The defendant had testified that, at the time he paid Williams for the property, he had told him if he paid him back he might have the property back. There was in issue whether defendant had

paid Williams for the property; this evidence was received as bearing on that issue, and corroborative of the defendant." This was not a part of a conversation in which defendant claims he made a contract with Williams for the purchase of the property; but a subsequent, naked declaration of the defendant in his own favor; and its admission as testimony, under objection and exception, was error. If the defendant's declaration in his own favor is legally admissible for any, it must be for all purposes; and the reasons given in the exceptions, that it tended to *corroborate* the testimony of the defendant, that he had before that bought the property of Williams, does not make it any more *legal* testimony.

II. The court charged the jury, "that the burden of proof was on the plaintiff, not only to show that he purchased the buckets at said sheriff's sale, but that said sale was a *bona fide* sale, made in good faith, with the intention and purpose on the part of plaintiff and Williams of passing the title of the property to the purchaser, and applying the avails of the same on the plaintiff's execution." The sale of the property was in regular form on the plaintiff's execution; and the return of the officer vested the apparent title in the plaintiff; if that apparent title is to be impeached, the defendant takes the burden of impeachment, under his plea and notice. The sheriff's sale of the property on the execution vested the title of the property sold in the purchaser; and the proceedings are supposed to be *bona fide*. In the charge of the court, therefore, there was error.

III. The enquiry of the plaintiff while on the stand whether he had taken the deposition of Williams we think proper. Williams would be supposed to know all about the sale of the property to the defendant, if any was had; and if the deposition was taken and not used, it would be pre-

sumed to contain evidence against the party suppressing the testimony. Such enquiries should be largely within the discretion of the court. But we think the enquiry of the plaintiff as to the contents and subject-matter of the deposition was in excess of the true legal rule of practice. A party has a right to take the deposition of an adverse or suspected witness, and is without fault, if he does not interfere with the freedom and right of his adversary to obtain his testimony; and is at perfect liberty to use, or decline to use, such testimony; and should not be subjected against his will to disclose the contents of such deposition; besides, the deposition itself, if its contents are made testimony, are the better evidence.

Reversed and remanded.