Williamson *et al. v.* Brandenberg.

Filed April 29, 1892.

---

No. 307.

WILLIAMSON ET AL. *v.* BRANDENBERG.

ASSIGNMENT OF ERRORS.—*Joint Assignment.— When Such Assignment Must Fail.—Demurrer.*—Where an assignment of error does not refer to the rulings on demurrers separately, but assigns them jointly, if any paragraph to which any of such demurrers refer is sufficient, the assignment must fail.

SAME.—*Joint Assignment.— When Must Fail.—Instructions to Jury.*—An assignment of error setting up jointly as error the giving of several instructions can avail nothing, unless all the instructions given and thus assigned as error are erroneous.

SALE.—*Made on Sunday.—Ratified on a Secular Day.—Effect of Ratification.*—A sale made on Sunday, but which is ratified on a secular day, by a retention of the property by the vendee, and a promise to pay for it, is a valid contract, the retention of the property being the consideration for the promise to pay.

HARMLESS ERROR.—*Sustaining Demurrer.—Another Paragraph Admitting the Same Evidence.*—Where a demurrer to a paragraph of answer has been sustained, and there is another paragraph of answer substantially the same, admitting all the evidence admissible under the paragraph to which the demurrer was sustained, such ruling only amounts to a harmless error, and can avail nothing on appeal.

From the Delaware Circuit Court.

*D. F. Taylor, R. H. Hartford, R. S. Gregory* and *A. C. Silverburg*, for appellants.

*F. P. Foster, J. F. Duckwall* and *J. N. Templer*, for appellee.

Ross, J.— The appellee Sanford Brandenberg brought this action against the appellants, William H. Williamson, Theodore Bailey and Thomas Dollinger, in the Jay Cir-

cuit Court, and the cause was sent, on change of venue, to the Delaware Circuit Court where issues were joined, trial had and judgment rendered in favor of the appellee.

The complaint is in two paragraphs, the first counting upon a promissory note and the second in assumpsit for a horse sold and delivered.

To each paragraph of the complaint demurrers were filed and overruled, and exceptions reserved by the defendants.

The overruling of the demurrers to each paragraph of the complaint are the first errors assigned by the appellants, but, inasmuch as counsel have failed to point out wherein the court erred in this ruling, we do not consider these assignments.

The third error assigned is as follows:

"*Third.* In overruling the demurrer of defendants, separately and severally made, to the second, third, fourth, and fifth paragraphs of reply to first paragraph of defendant's amended answer."

This assignment does not call in question the rulings of the court upon the demurrers to each of these paragraphs separately, but to all of them jointly; hence, if one paragraph is good the assignment fails. *Ketcham* v. *Barbour, Exec.*, 102 Ind. 576.

These paragraphs of reply were addressed to the first paragraph of answer, which sets up as a defense to the note sued on, in the first paragraph of the complaint, that said note " was executed by the defendants and delivered to and accepted by the plaintiff on the first day of the week, commonly called Sunday, and they aver that the execution, delivery and acceptance of said note was not a matter of necessity or work of charity, and that neither the defendants nor plaintiff, nor any one of them, did, at said time, conscientiously observe the seventh day of the week as the Sabbath; and that said note was so executed, delivered and accepted at Madison county, in the State of Indiana."

The second paragraph of the reply, in substance, is that the note sued on "was given by the defendants for the purchase price of a horse sold and delivered by plaintiff to defendants; that said defendants, ever since the execution of said note, have kept possession of said horse and still retain the possession of the same, and that since the execution of said note said defendants, on a day not conscientiously observed by them, or either of them, as Sunday, or the Sabbath, promised to pay the same."

The note sued on is dated February 6th, 1888, and the allegations of the complaint are, " that on the 6th day of February, 1888, said defendants, by their promissory note, a copy of which is filed herewith, marked Exhibit A, and made a part of this complaint, promised to pay," etc.

The courts of this State take judicial notice of the days of the month and of the week, and they judicially know that February 6th, 1888, was on Monday. *Swales* v. *Grubbs*, 126 Ind. 106.

This paragraph of the reply is sufficient as a reply to the second paragraph of the answer.

Having arrived at the conclusion that the second paragraph of the reply is sufficient, we need not examine the other paragraphs of reply.

The fourth error assigned is in the language of the third, except it applies to the rulings of the court on the demurrer to the fifth, sixth, seventh, eighth, ninth and tenth paragraphs of the reply.

As heretofore decided, with reference to the third assignment of error, if any one of these paragraphs of the reply is sufficient to withstand the demurrer this assignment must fail.

The fifth and tenth paragraphs of the reply are addressed to the first paragraph of the answer alone, and, inasmuch as we have decided that paragraph of answer to be insufficient, we will not discuss these paragraphs of the reply.

The sixth, seventh, eighth and ninth paragraphs of the

reply are replies to the second paragraph of the answer, which is an answer to the second paragraph of the complaint.

The second paragraph of the complaint is in assumpsit, the material allegations being that on the ...... day of February, 1888, the plaintiff sold and delivered to the defendant one stallion horse, at and for the price of $310, which defendant promised to pay, and which is due and unpaid.

The second paragraph of answer is the same in substance as the first, except it alleges the "contract, agreement, promises, obligations and undertakings sued upon in said second paragraph of complaint were each and all made, executed and accepted by and between the plaintiff and the defendants on the first day of the week, commonly called Sunday."

Without discussing separately each of the replies addressed to this answer, we content ourselves with an examination of the ninth paragraph, which alleges that the defendants have retained possession of said horse ever since said sale, and still retain possession thereof, and that since that time, on a day not conscientiously observed as Sunday, promised to pay for him.

The contract sued on, if made on Sunday and not ratified on a secular day, is voidable. If, however, it was ratified on a secular day, it then became binding and could not be avoided. The defendants could take advantage of it only by a special plea. The same as coverture, infancy and limitation, it could avail them only in the event they pleaded it specially. Hence it was voidable only.

The reply shows a retention of the property and a promise on a day other than Sunday to pay for it.

The retention of the property by the defendants, with a promise made by them on a secular day to pay, is clearly a ratification. The retention of the property is a valid consideration for the promise. If the defendants had not taken possession of the property sold, or had returned it

before the making of the promise, the rule would in all probability be different. The reply is good. *Banks* v. *Werts*, 13 Ind. 203; *Love* v. *Wells*, 25 Ind. 503; *Catlett* v. *Trustees, etc.*, 62 Ind. 365.

The sixth error assigned calls in question the ruling of the court below in sustaining the demurrer to the eighth paragraph of the answer. This paragraph of answer contains the same defense as the fifth and sixth paragraphs, and as all the evidence tending to support this paragraph, had it been held good, was admissible under those answers, there was no harm done in sustaining a demurrer to it.

The eighth error assigned is as follows:

"*Eighth.* In overruling a motion for a new trial." Before considering this assignment the court desires to impress upon the profession the necessity of definiteness in assignments of error. The assignment of error in this court is the appellant's complaint, and each error assigned should be separate and specific and should also be complete in itself. Elliott's App. Procedure, sections 300–309 and 337.

The only question argued by counsel is that the court erred in giving instruction number four. We think this instruction, taken in conjunction with the other instructions given, states the law correctly. But if it did not state the law correctly, it could not be considered on appeal because it is jointly assigned with others as a cause for a new trial. Such an assignment can only be maintained by showing that all the instructions are incorrect. In this case the appellants admit that the first, second and third instructions state the law correctly.

We find no reversible error in the record.

Judgment affirmed.

Filed January 21, 1893.

[NOTE.—This case having been sent to the Supreme Court because of want of jurisdiction in the Appellate Court, was, on the enlarged jurisdiction of the Appellate Court, transferred to this court.]