## AGNES ADA CASWELL v. DANIEL C. JONES.

WINDSOR COUNTY, 1893.

Before: TAFT, MUNSON, START AND THOMPSON, JJ.

*Sale. Change of possession. Officer cannot bid in property for execution creditor. Execution sale may be attacked for mala fides.*

1. The plaintiff acquired through a third person title to a cow from her husband, but the cow continued liable to attachment upon his debts since she remained in his possession. While this was so, the plaintiff exchanged this cow with K. for another, which was also put into the husband's possession. *Held*, that the second cow was not attachable upon his debt, for to her the husband never had title.

2. The officer conducting an execution sale cannot act as the agent of the creditor with discretionary authority to bid in the property, and if he does so bid it in the sale will be void.

3. An execution sale, regular upon its face, may be attacked for collusion between the creditor and debtor, and when so assailed the record of the sale is only *prima facie* evidence that it was *bona fide*.

Replevin for two cows. Plea, the general issue. Trial by jury at the February term, 1893, TYLER J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The defendant claimed title by virtue of an attachment of the cows as the property of the plaintiff's husband. The facts appear in the opinion.

*Norman Paul* for the defendant.

Whether the sale to Smith was collusive should have been submitted to the jury. *Webster* v. *Denison*, 25 Vt. 493; *Taylor, Admr.,* v. *Wait,* 52 Vt. 544; *Batchelder* v. *Carter*, 2. Vt. 168; *Kelley* v. *Hart*, 14 Vt. 50; *Rogers* v. *Vial et al.*, 16 Vt. 327; *Evarts* v. *Burgess*, 48 Vt. 205; *Fitzpatrick* v. *Peabody*, 51 Vt. 195.

The officer could not bid in the property for the creditor. Freem. Ex., s. 292; *Hall* v. *Miller*, 15 Vt. 211; *Harrison* v. *McHenry*, 9 Ga. 164; *Farman* v. *Perry and Trustee*, 43 Vt. 473.

*W. C. French* and *J. C. Enright* for the plaintiff.

No change of possession is necessary in case of a sheriff's sale. *Boardman* v. *Keeler*, 1 Aik. 158.

The proceedings being regular, the validity of the execution sale cannot be questioned. *Austin* v. *Soule*, 36 Vt. 645.

The opinion of the court was delivered by

THOMPSON, J. Albee took of the plaintiff's husband,

Joseph C. Caswell, a cow in payment of a debt due him from the husband, and sold the cow to the plaintiff for $20, giving her a bill of sale of the same. This cow remained with the other cows of Joseph C. Caswell and in his possession from the time the plaintiff made this purchase until she exchanged her with Keniston for one of the cows replevied. As between the parties, the purchase of the cow by Albee and the sale by him to the plaintiff was valid without any change of possession. The plaintiff acquired title to the Keniston cow from Keniston and not from her husband. The latter was never the owner of this cow, and hence his possession would not affect the rights of the plaintiff in case of an attachment by the husband's creditors while in his possession. To make a change of possession of personal property necessary in order to protect it from the alleged vendor's creditors there must have been some time when as against the vendee the alleged vendor owned it and had it in his possession. *Fitch* v. *Burk*, 38 Vt. 683; *Leavitt* v. *Jones*, 54 Vt. 423; *Walworth* v. *Jenness*, 58 Vt. 670. Upon the facts stated in respect to the manner in which the plaintiff acquired title to the Keniston cow, it was not error for the court below to refuse to charge, as requested, that "the transaction in regard to the sale and exchange of said cows was a fraud on the creditors of Joseph C. Caswell and wholly void." As against his creditors, the plaintiff's title to the Keniston cow was good. The case at bar is distinguishable from *Mills* v. *Warner*, 19 Vt. 609. In this case the plaintiff herself made the exchange; in that case, the former owner, who then had possession of the property, made it, "for the convenience and advantage of his own business, and for aught that appears, in his own name and ostensibly on his own account."

It is conceded that prior to January 8, 1891, Joseph C. Caswell was the owner of the other cow replevied. In May, 1891, he rented her to Chamberlain, who retained possession

of her as lessee, until she was attached on a writ against Joseph C. Caswell by the defendant as deputy sheriff. Chamberlain was never notified of a sale of this cow, but during all the time he kept her he paid the rent for her to Joseph C. Caswell. The plaintiff claims that this cow was sold on execution at sheriff's sale, January 8, 1891, to Geo. E. Smith, and that she subsequently purchased her of Smith, and that by reason of Smith's having purchased the cow at sheriff's sale, no change of possession was necessary to protect her from attachment by the creditors of Joseph C. Caswell. The plaintiff has no title to this cow unless she derived it from Smith in the manner claimed. Smith never had title to her unless he acquired it by virtue of his alleged purchase at the sale on execution. If that was a valid sheriff's sale, without fraud or collusion, and Smith acquired title to the cow by virtue of such sale, it is well settled in this State that no change of possession was necessary to protect the property of the purchaser. *Fitzpatrick* v. *Peabody*, 51 Vt. 195, and cases there cited. The execution was in favor of Smith and against Joseph C. Caswell, and was committed to the officer, Hudson, to levy and collect, and who conducted and made the alleged sale of the cow on the execution. Smith was not present at the sale but he had given Hudson instructions with full discretionary power to bid off all the property sold on the execution for him, and Hudson, acting under these instructions and power, bid off the cow for Smith at the sale on the execution.

The defendant requested the court below to hold that Hudson, as the officer conducting the execution sale, had no right to bid off the cow for Smith, but it refused to so hold and instructed the jury that the sale on the execution was "in law sufficient to pass the title to Smith," to which refusal and charge the defendant excepted. Assuming that the other proceedings connected with this sale were such as to make good the title of a purchaser of property at it, but in regard to

which we make no decision, the question is presented whether an officer at a sale on execution, conducted by himself, can act as the agent with full discretionary power of an absent person in the purchase of property. Such officer cannot make a valid purchase for himself at such sale. *Woodbury* v. *Parker*, 19 Vt. 353 ; *Downing* v. *Lyford*, 57 Vt. 508. In *Woodbury* v. *Parker*, *supra*, Royce, Ch. J., says : " According to all the authorities such an officer, in addition to his character as a minister of the law, is regarded as a sort of a trustee and agent both for the creditor and debtor. The two characters place him on higher and more responsible ground than a mere private trustee or agent." In *Harrison* v. *McHenry*, 9 Ga. 164, (52 Am. Dec. 435), where this question is discussed, Nesbit, J., says : " If the policy of the law prohibits a sheriff from buying on his own account, I do not see how it is competent for him to purchase as the agent of another. He can do nothing for himself or for another which is incompatible with his duties as sheriff. We have seen what they are. His skill, diligence and fidelity belong to the defendant in execution. He may not be in this latter case subject to the same temptations to do wrong that he is subject to when he buys for himself. This is true, but still the duty which he assumes as agent for the buyer is incompatible with the duty which he has assumed as agent for the seller. If acting under a general and unrestricted power to buy at auction, he must be understood as charged with the duty of buying as low as possible, whilst, at the same time, it is his duty as agent for the seller to make the property bring as much as possible. Here is a direct antagonism of position and duty, and involves, almost necessarily, infidelity to one or the other of his principals. His first obligation is to the seller, and the law will not permit him to place himself in a position which subjects him to the chances of violating that obligation—its policy will not allow it."

This reasoning seems unanswerable. Human nature is such that it is as true now as ever that "no man can serve two masters."

Freeman on Ex. s. 292, says : "Nor can the officer making the sale act as the agent of a person desirous of bidding. He can neither bid for himself nor for another." We think this is the true doctrine and the only rule consistent with a safe and sound public policy in respect to this class of sales. We therefore hold on the facts stated in the exceptions, that Hudson could not act as the agent for Smith to purchase the cow for him at the execution sale, and that as an attempted sheriff's sale of the cow it was void and passed no title to Smith. Hence the county court erred in refusing to hold as requested and in charging the jury as it did on this subject.

From this view of the matter it follows that this cow was still liable to be taken by attachment on writs against Joseph C. Caswell in favor of his creditors. *Wheeler* v. *Selden*, 63 Vt. 430.

This holding renders it unnecessary for us to consider the other points urged by the defendant against the validity of this sale to so pass title to the cow that change of possession was unnecessary.

Were the attempted sale to Smith apparently regular as a sheriff's sale on execution, it was error for the court to instruct the jury, as it did without qualification, that it was valid to pass title to the cow without change of possession. This assumed as a matter of law that the sale was without collusion and fraud as between the execution creditor and debtor. When the execution sale is regular on its face, the *prima facie* presumption is that it was a *bona fide* sale, but it may be impeached for fraud and collusion between the execution creditor and debtor, and when assailed on that ground, it is a question of fact for the jury to determine whether it was a *bona fide* sale on execution, giving such

*prma facie* presumption its due weight.   The charge of the
court did not submit that question to the jury.   *Judevine* v.
*Weaks,* 57 Vt. 278 ; *Boardman* v. *Keeler,* 1 Aik. 158 ; *Batch-
elder* v. *Carter,* 2 Vt. 168 ; *Austin* v. *Soule,* 36 Vt. 645.   So
far as we can discover from the exceptions and that part of
the charge furnished us, the only question of fact submitted
to the jury in respect to this cow was whether the plaintiff
purchased her of Smith as she claimed.   The question be-
ing thus limited, what the court said in relation to Joseph C.
Caswell's preferring to have Smith attach this property "and
cover it and protect it for him, rather than to have some of
his other creditors," could have no possible bearing or effect
upon the jury in their determination of the question of the
alleged purchase of the cow by the plaintiff from Smith.
Had the question of the alleged execution sale being *bona
fide* or not been submitted to the jury, then the language
used would have been clearly misleading and error.

   *Judgment reversed and cause remanded.*