Reinhard, J.
The complaint filed by appellant in the court below is in two paragraphs. The first is based upon the following writing, denominated “Exhibit A.:” “To Charles E. Everett, Loan Agent, Fort Wayne, Ind.
“Dear Sir: I have this day made application for a loan of $600, through your loan agency, on the following property, to wit: (Here follows a description of the property.)
“I hereby authorize you to have prepared for me an abstract of the title to said lands, and to prepare and place of record in said county any affidavits, exhibits, deeds showings or other writings required to render the same satisfactory to you. I agree with you to pay your abstractor for his services, and to refund to him his expenses in the premises and with attorney’s fees. I further agree to accept said loan if ready to close within thirty days after said title has been rendered satisfactory as aforesaid. And in addition to the above payments I further agree that in case I refuse to accept and close said loan within ten days after you have mailed notice to my address, that the loan is ready to be closed, I will pay you for your services in procuring said loan a sum equal to ten' per cent, of the amount of the approved loan, without relief from valuation and appraisement laws, and with attorney’s fees.
“ (Sig.) . Austin Farrell . ’?
No date is stated in the contract, but it is alleged in the complaint, that it was entered into on the 81st day of December, 1891.
In addition to the services rendered in procuring the loan, appellant avers that he employed abstractors to procure an abstract, and that he paid $12 for the same, and that a reasonable attorney’s fee is $50.
The amended second paragraph of the complaint makes this alleged contract a part of the same, and alleges per *187 formalice of everything necessary to be' done to entitle the appellant to relief. It avers the procuring of the abstract at an expense of $12; that a reasonable attorney’s fee for collecting said $12 is $50, the same as in the first paragraph. Then it sets forth, in addition thereto, another contract, applying for a loan in the Union Central Life Insurance Company, designating the application as “Exhibit B.” This portion of the second paragraph the court, on motion of appellee’s counsel, struck out; so that the complaint, though in two paragraphs, was practically upon the alleged written contract set forth in the first paragraph of the complaint alone.
The appellee filed an answer in five paragraphs. Demurrers having been sustained to the 2d, 3d and 4th paragraphs of the answer, amended 2d and 6th paragraphs were filed. The first paragraph of the answer was a general denial. Demurrers were overruled to the amended 2d and 6th and to the 5th paragraphs, and a reply in two paragraphs closed the issues. A trial by jury resulted in a verdict .for the appellee, the defendant below, and upon this verdict, over appellant’s motion for a new trial, the court rendered judgment.
The appellant has assigned the following errors:
1. “The court erred in overruling the appellant’s demurrer to the appellee’s fifth and amended second paragraph of answer.”
2. “The court erred in overruling the demurrer to the sixth paragraph of answer or cross-complaint.”
3. “The court erred in overruling the motion for a new trial.”
The first assignment being joint can only be sustained if both the fifth and amended second paragraphs of answer are insufficient. If either paragraph states a good defense the first assignment must fail. Williamson v. *188 Brandenberg, 6 Ind. App. 97; DeVay v. Dunlap, 7 Ind. App. 690.
The amended second paragraph of the answer, in substance, is, that as to so much of the complaint as seeks to recover for procuring the loan, it admits the execution of the paper sued on and avers that one Dr. Noble, was the agent of the appellant; that said contract was made with the said Dr. Noble, as such agent, on the 21st day of December, 1891; that no time is mentioned in the contract for its performance; that appellee told said Noble, when said paper was made out, that he desired to have the money proposed to be borrowed to pay off an. indebtedness of $600, which would mature on the 23d day of January, 1892, and that unless he could procure the loan by that time he could not and would not use or take it; that it was then and there agreed between appellant and appellee that appellee would not be obliged to take the loan or pay any commission unless the appellant procured such loan before the 25th day of January, 1892; that it was agreed that the time elapsing between the execution of the contract' and said 25th day of January, 1892, would be a reasonable time for the performance of the contract on the part of appellant; that the appellee relied upon this understanding and executed the writing.
It is then alleged that the appellant failed to procure the loan within the time thus agreed upon, and through his agent Noble so informed the appellee, and stated to him that appellant could no.t procure said loan, and that appellee would better look elsewhere for the money; that relying upon this statement the appellee acted upon it, and was compelled to and did procure a loan, elsewhere so as to meet his said indebtedness on the 26th day of January, 1892.
It is insisted by appellant’s counsel that the agree *189 ment in parol set forth in this paragraph of the answer is void, for the reason that it is an attempt to modify or •change, by an oral agreement, the written contract entered into between the parties.
The appellee urges, on the other hand, that as the written contract was silent as to the time within which it was to be performed, the parties were at liberty to make' any agreement they chose to make upon this subject, without violating the terms of the written contract.
Without deciding the question as to whether such an .agreement would contravene the provisions of the writing, it is enough to say that in our judgment the answer is sufficient in any event. It is averred therein that appellant through his agent Noble, informed appellee that he was unable to procure the loan, and advised appellee to look elsewhere for the money, which he did. This was a mutual abandonment of the contract, and was binding upon both the appellant and the appellee. As between the appellant and appellee, they had a clear right to do this; and if the company’s rights were in any way impaired or affected by such an arrangement, this will not create any liability in favor of the appellant. There was no error in overruling the demurrer to this paragraph.
This paragraph of the answer being sufficient, it is not necessary to determine as to the sufficiency of the fifth paragraph.
The sixth paragraph of the answer or cross-complaint ■contains averments showing a mistake of facts between the parties regarding the execution of the contract, and prays a reformation. No relief seems to have been given under this paragraph, and whether the demurrer was properly overruled or not can, therefore, be of no consequence, as such an error would be a harmless one, at *190 most. We may say, however, that we regard the paragraph as sufficient.
Filed Nov. 23, 1894.
The last error assigned is the overruling of the motion for a new trial. We have examined the evidence, and think it fully supports the verdict.
Some rulings as to the admission and rejection of evidence, and the giving and refusal of instructions, are relied upon as erroneous. We have examined' these questions, and our conclusion is that the result of the trial is so manifestly just and equitable that it should not be disturbed on account of any intervening errors of the character indicated, even if such had been committed.
We have found no substantial error for which we feel authorized to reverse the judgment.
Judgment affirmed.