## MILLS *against* GOODSELL.

Litchfield,
June,
1825.

Mills
v.
Goodsell.

An officer selling at public auction personal property taken by him in execution, cannot himself be a purchaser of that property, without the consent of the creditor and the debtor.

It being the object of the law, in such case, to prevent fraud, by removing the temptation to practise it; the fairness or unfairness of the transaction, is not a proper subject of enquiry.

An officer having acted with discretion and good faith in the taking of personal property in execution, and having sold it at the post as the law directs, is not responsible for any deficiency in the proceeds.

This was an action of trespass for a horse; tried at *Litchfield, August* term, 1824, before *Brainard*, J.

The plaintiff claimed title to the property described in the declaration, as a purchaser at a sale made by him, as deputy sheriff, on an execution in favour of *Anson Squires* against *Nathaniel Wilson.* The defendant claimed the property, by virtue of a previous *bona fide* sale thereof, made by *Wilson* to him. The plaintiff, in support of his right to recover, offered evidence to prove, that he exposed the property in question for sale, at public auction, on such execution; that he was a bidder upon the property; and that he struck it off, and sold it to himself, as the highest bidder. In connexion with this evidence, the plaintiff also offered to prove, that at the time of such sale, *Wilson* requested him, the plaintiff, to be a bidder upon the property; and also, that *Squires* delivered the note, on which the judgment was rendered on which said execution issued, to *Perry Smith,* Esq. as his attorney, for collection, without any special direction regarding it; and that *Smith,* after the sale and purchase by the plaintiff, approved of the acts of the plaintiff in relation thereto, and received from him the proceeds; it being admitted, that *Squires* had no knowledge, at any time, of the acts done by the plaintiff with the execution, and that he never directed or approved of them. To all the evidence thus offered by the plaintiff, the defendant objected; and the judge rejected it.

The jury returned a verdict for the defendant; and the plaintiff moved for a new trial, for the rejection of such evidence.

*Bacon*, in support of the motion. The plaintiff, as deputy sheriff, was bound to levy the execution on the property in question; and having so levied it, he was bound to pay the debt, whether the property sold for enough, or not. The sheriff is answerable to the creditor for the *value* of the goods ta-

*Litchfield,*
*June,*
*1825.*

*Mills*
*v.*
*Goodsell.*

ken on a *fi. fa. Clerk* v. *Withers,* 6 *Mod.* 292. *Smallcomb & al.* v. *Buckingham & al. Com. Rep.* 36. *Payne* v. *Drewe,* 4 *East* 545. 1 *Swift's Dig.* 797. 2 *Wms. Saund.* 47. *a.* As the sheriff, who holds an execution, is bound to levy it on personal property, if sufficient can be found ; and as he is liable to pay the debt to the creditor, when he has thus levied ; unless he can bid at the sale, he is remediless and may be ruined. Suppose he holds an execution of 1000 dollars, and levies on sufficient property, exposes it to sale, and can get but a dollar bid for it ; is he to strike it off, and pay the 999 dollars difference out of his own pocket ?

There is no imputation against the plaintiff, in the case, of any unfairness or collusion. Whenever it exists, it may be shewn to the jury ; and *that* will undoubtedly destroy a title acquired by means of it. The question whether the proceedings of the officer were had with a fraudulent intent, or with a view to obtain any undue advantage of the debtor, is a proper one to be submitted to the jury. *Benjamin & al.* v. *Moore,* 3 *Conn. Rep.* 529. No injury could result from the plaintiff's being a bidder and purchaser, except to the debtor ; and this was done at his request ; he makes, and can make, no complaint. The creditor has got his debt ; and he cannot complain.

The objection to the sale is, that the sheriff is a *trustee,* and cannot, for that reason, be a purchaser. But he is not, in any sense, a trustee ; much less, in the sense of the cases in which it is said the trustee cannot be a purchaser. There is no rule that a trustee to sell cannot be a purchaser ; but on application to a court of chancery, by the *cestuy que trust,* the sale may be set aside ; and the court will order a resale. *Campbell* v. *Walker,* 5 *Ves.* jun. 678. But then the *cestuy que trust* must come in a reasonable time, and say that he is not satisfied with the sale. But who calls this sale in question ? Is it a *cestuy que trust,* or any one standing in a similar situation ? He is a mere *tort-feasor.* He said, indeed, on the trial, that he claimed the property as a *bona fide* purchaser before the levy of the execution ; but he offered no evidence to prove such title. If he were such a purchaser, he could stand on his title against a regular levy and sale ; and the question now made could not arise.

*J. W. Huntington,* contra. A sheriff, at a sale made by him on an execution, is entrusted *by law* with the custody of the property seized on it ; and is constituted the trustee or agent

both of the debtor and creditor, with specific directions, not from them, or either of them, but from *the law*, as to the manner of the sale and the disposition of the proceeds of it. It is the law, which creates the trust; and discharging the duties of it, he is so to conduct as to secure the just rights of the creditor and the debtor; both having an interest in the property—the debtor, to realize from it all which a fair competition at a sale by auction will produce—and the creditor, to obtain an application of all which a sale so conducted, or so much of it as is necessary to satisfy his demand, will produce. The object, then, being to give both the parties in the execution the full benefit of a free, unrestrained competition, by the bidders at a public sale, it is obvious, that the law will countenance no mode of proceeding, which would enable the sheriff, if he were so disposed, to deprive either party of this benefit. The law guards not only against the actual commission of fraud, by relieving against its intended effects, when perpetrated, but closes the avenues to its approach, by removing the temptation to practise it. It is not, therefore, because a sale by a trustee may not be conducted with integrity; it is not because even in some cases it would not be for the advantage of all concerned, that the trustee should become a purchaser, that he is interdicted from any interest in the sale, directly or indirectly; but it is because the incentive to dishonesty is so strong, the prospect of discovery is so remote and the security of secresy so great. The authorities recognizing this principle, are numerous and decisive. *Holt* v. *Holt*, 1 *Ch. Ca.* 190. *Keech* v. *Sanford*, 3 *Eq. Ca. Abr.* 741. *Whelpdale* v. *Cookson*, 1 *Ves.* 9. S. C. stated 5 *Ves.* jun. 682. and commented on by Lord *Eldon*, 6 *Ves.* jun. 628. *Fox* v. *Mackreth*, & al. 2 *Bro. Ch. Rep.* 400. explained by Lord *Eldon*, 6 *Ves.* jun. 627. and 9 *Ves.* jun. 247. *Ayliffe* v. *Murray*, 2 *Atk.* 59. *Sanderson* v. *Walker*, 13 *Ves.* jun. 600. Ex parte *Lacey*, 6 *Ves.* jun. 625. Ex parte *Hughes*, 6 *Ves.* jun. 617. *Lister* v. *Lister*, 6 *Ves.* jun. 631. *Coles* v. *Trecothick*, 9 *Ves.* jun. 234. Ex parte *Bennett*, 10 *Ves.* jun. 385. *Randall* v. *Errington*, 10 *Ves.* jun. 423. *Morse* v. *Royal*, 12 *Ves.* jun. 355. *Lowther* v. *Lowther*, 13 *Ves.* jun. 95. *York Buildings Company* v. *Mackenzie.* 8 *Bro. Parl. Ca.* 42. (*Toml.* ed.) *Davous* v. *Fanning.* 2 *Johns. Ch. Rep.* 252. Lessee of *Lazarus* & al. v. *Bryson*, 3 *Binn.* 54.

The application of this principle to the case before the court, is clear. The plaintiff could make no benefit to himself, without its being at the expense of others. He was the trustee or

agent to sell their property ; and though the consent of the debtor, that he might be a bidder or purchaser, might be a waiver of *his* rights, it would not affect those of the creditor, who stands equally in need of protection from collusion and fraud.   It is impossible to give full effect to the principle, without making it universal ; for if it be understood, that the request of the debtor validates the sale, a fraudulent collusion between him and the sheriff would enable them to defeat the creditor of all the fruits of his execution.

But it is said, that the cases cited, are those in which equity interferes to set aside the sale ; it being good until set aside ; and that this can be done only on application of the creditor or debtor in the execution.   The first and most obvious answer to this objection, is, that equity interferes in no other way to set aside the sale, than by declaring it *void*.   The creditor, having no right to the property, cannot make it the foundation of a bill in equity.   He looks to the officer for the collection of the debt ;  and if he has not sold the property, or has lost it, or disposed of it contrary to law,  he may be sued by the creditor ; but the creditor cannot compel him to resell it ;  for he could not compel him to sell it in the first instance.   Secondly, the principle is, that a sheriff is *disqualified* to purchase.   He is *incapacitated ;* as much so as though he were declared so by statute.   He cannot, at any rate, be a bidder, without the consent of both creditor and debtor.

It is also said, that it is necessary the officer should be empowered to bid at the sale, in order to protect himself from loss ;  as he is bound to act without direction from the creditor, and if the property which he takes,  does not produce enough to satisfy the execution,  he is responsible for the deficiency. But if he acted with reasonable diligence and fidelity in taking the property, he will be protected.   *Denton & al.* v. *Livingston,* 9 *Johns. Rep.* 99.   If a very inadequate price be offered, the sheriff should not  sell, but  return that the goods remain in his hands for want of buyers,  and  wait until he is served with a *venditioni exponas,* under which he must sell for whatever price may be offered.   *Keightly* v. *Birch* & al. 3 *Campb.* 521. 524.

BRAINARD, J.  The question is,  whether a sheriff having an execution to collect, levies it on personal property,  and has occasion to sell that property at the post, can he be a purchaser—a seller and buyer—without the knowledge and consent of both creditor and debtor.   I think he cannot.   The objection is founded in moral policy.   The plaintiff, as sheriff, was, at the

auction, the agent of both creditor and debtor ; and an agent cannot bid at the auction of property, which he is authorized to sell, and thereby become the purchaser of it. And the reason is, that otherwise great frauds might be practised without detection. The law takes from this agent the power of being dishonest, by removing the means of temptation.

It is idle to enquire into the fairness or unfairness of transactions of this character ; whether the sale, under all circumstances, was, or was not, the best that could have been made. A captain of a vessel, meeting with such disasters that he is compelled to abandon, becomes the agent of the concerned, whether owners or underwriters, and if obliged to sell the wreck as master, he must act in that capacity, and cannot become a purchaser. Neither can an executor or administrator under an order from a court of probate for the sale of the estate of the deceased whom he represents, be a purchaser of it.

It is in vain to urge that he gave more than any one else would ;—that there were no bidders. The law cuts up, root and branch, the power to purchase, and the temptation to defraud. It will not permit an enquiry into the fairness or unfairnes of the transaction.

These points are so well settled, not only in our own courts, but in the courts of our neighbouring states, and of *Great-Britain,* that I will not refer to authorities. I will only say, that in the case of *Davoue* v. *Fanning* & al. 2 *Johns. Chan. Rep.* 252 the subject is ably discussed.

As to the responsibility of a sheriff, that he must be accountable for the supposed or estimated value of the property, when taken, and therefore has a right to bid and purchase to protect himself,—I think the principle unfounded. He must act with discretion, with honesty, and in all good faith ; and when he does, he is not answerable for casualties, or the knavish combination of others. He is answerable only for the result of the law, the highest bid.

Because a sheriff may be guilty of fraud or negligence, or imprudence in the first instance, the law will not, to save himself, give him a licence to be guilty of dishonesty in the second.

I am of opinion that the testimony offered was properly rejected ; and therefore, I would not advise a new trial.

Hosmer, Ch. J. and Peters, J. were of the same opinion.

Bristol, J. dissented.

New trial not to be granted.