Caton, J. We must look at the substance of this bill, and the grounds of equity set up in it, to determine its true character. It commences in the form of a petition, but subsequently assumes the form and substance of an original bill or of a bill of review, and is by the pleader sometimes called one thing, and sometimes another; but we must look at the material averments of the bill and from them determine its true character. Although the pleader may have given it a wrong name, still if the averments show that the complainant is entitled to relief, and the prayer will admit of our granting that which he shows himself entitled to claim, he ought not to be turned out of Court unheard. Although many of the supposed irregularities in the sale and report may be quite unimportant, so far as the validity of the sale is concerned, y et some of the facts stated in the bill are of a more serious character, and if true, must vitiate the sale and consequently the order of the Court confirming the report of that sale. The bill states substantially that Tull, the commissioner, was in fact the purchaser at his own sale. That although Lippincott was the ostensible purchaser, in fact he purchased not for his own benefit, but for that of Tull. This, if true, was a fraud in law, and will avoid the sale, at the instance of the party whose property was sold or of one holding under him, if their remedy is sought within a reasonable time after the fraud is discovered. The law will not allow a man, who acts in a fiduciary capacity, to be both buyer and seller at the same time. It is true that such a sale is not absolutely void, for it may be confirmed by the party whose interest is affected or title transferred by such sale; and this acquiescence may undoubtedly be presumed, by the absence of any complaint for an unreasonable length of time, after the mode of sale is known. The purchaser cannot avoid the sale, for he shall not be allowed to complain of his own fraud or misconduct. These principles are too familiar to require authority for their support. There is a charge also, that the sale was fraudulently made on a day different from that stated in the notice, and different from the time stated in the report. If these things were done for a fraudulent purpose, then they would afford sufficient ground for setting aside the sale and vacating the order confirming the report. The true, object of this bill, is to set aside the sale, and to review, reverse and vacate the order of the Court confirming the report of the sale, whereby the final sanction of the Court was given to the sale. This is asked upon the ground of fraud. The bill shows, that a fraud was practiced upon those interested in the mortgaged premises, and upon the Court, which, had it been known to the Court at the time, would have prevented that Court from making the order approving the report of the sale, and would have induced the Court to have set it aside. This bill comes precisely within the definition of an original bill in the nature of a bill of review, as laid down by this Court in the case of Gregg et al., v. Gear, 3 Gilman, 2; and in Story’s Eq. P., § 426. The bill was filed in a reasonable time after the fraud was discovered. It was therefore not obnoxious to the demurrer. - The same relief substantially might, and undoubtedly would have been, obtained by a purely original bill, setting forth the fraud, and seeking to set aside the sale alone, without asking to have the final order of the Court approving of the report and confirming the sale to be reviewed and reversed; for a decree setting aside the sale, would necessarily have destroyed the effect of that final order. The difference between such a bill and the one before us, is only nominal when founded upon such facts as are stated here. The authorities above referred to, show that the leave of the Court was not necessary to file the bill. It should not therefore have been dismissed for that reason. So of the objection as to parties. The bill shows that all who could have had any interest adverse to the relief sought, or indeed in the question at all, were brought in. The decree of the Circuit Court is reversed with costs and the suit remanded with leave to the- defendants to answer to the merits of the bill. Decree reversed.