WILLIAM N. WICKLIFF, Plaintiff in Error, *v.* JAMISON ROBINSON *et al.*, Defendants in Error.

ERROR TO ST. CLAIR.

Persons acting in a fiduciary capacity, must act for their principals alone, and they cannot become purchasers at sales made by themselves, or their purchases are voidable.

If a sheriff shall purchase at a sale made by himself it will be void, although another may be jointly interested in the purchase.

The clerk of a court has no right to issue an execution without authority from judgment creditor or his attorney. If he seeks to collect costs, he must do so by fee bill or by action against the party liable.

THIS case was taken to the first grand division, and by consent of parties changed to the second grand division.

G. KŒRNER, for Plaintiff in Error.

G. TRUMBULL, for Defendants in Error.

SKINNER, J. This was a motion to set aside an execution and sale of land under it. Wickliff obtained a judgment in the circuit court of St. Clair county, against Robinson and Pelham. This judgment was paid, with the exception of the costs, and afterward the clerk of said circuit court, without authority from the judgment creditor or his attorney, issued an execution upon the judgment for the costs, amounting to about thirteen dollars. Under this execution, a tract of land belonging to the judgment debtor, worth at least one thousand dollars, was sold to the clerk for the amount of these costs. The purchase was made under an arrangement between the

10

sheriff who made the sale, and the clerk, that the property should be held by the clerk for their joint benefit, and if not redeemed, the clerk should convey to the sheriff one-half of the same.

The statute provides, "That no sheriff, deputy sheriff, or coroner, shall become a purchaser, nor procure any other person to become the purchaser for him, of any property, real or personal, by him exposed to sale by virtue of any execution or other process; and all such purchases made by any sheriff or coroner, or by any other person in his behalf, shall be absolutely null and void." Statutes of Ill. 1856, p. 1120.

The policy of the law is, by the removal of all temptation of pecuniary gain by departure from official duty, to obtain the greatest fairness in judicial sales; and it is against that policy to allow public officers to become purchasers at their own sales, directly or indirectly. The temptations incident to the duties of sheriffs, to profit by fraud and oppression, equally dangerous to both debtor and creditor, forbid their acting in the execution of process of execution against property, in any other capacity than that which the law assigns them; that of agent of the parties under the direction and authority of the law.

By the rules of the common law, persons acting in a fiduciary capacity are bound to act for their principals alone, and, if at sales made by them in such capacity they become purchasers, no matter by what means, open or covert, their purchases are voidable. *Pensonneau* v. *Blakely,* 14 Ill. R. 16; Story on Agency, Secs. 210, 211.

In this case the statute interposes a direct prohibition of the purchase made, and declares it "absolutely null and void;" and it can make no difference that another was jointly interested with the officer in the purchase.

Nor had the clerk any right to issue the execution without authority from the judgment creditor, or his attorney. His remedy was by action against the party from whom the costs were due to him, or by *fee bill,* as provided by the statute. Statutes of Ill. 1856, pp. 562–3; *Reddick* v. *Cloud,* 2 Gil. R. 674; *Newkirk* v. *Chapron,* 17 Ill. R. 344.

It is unnecessary to examine other questions raised in the case.

*Judgment affirmed.*