MaNly, J.
 

 It seems to us, the view which his Honor took ■of this case, in the Superior Court, is correct. It is a well settled principle, that an officer (sheriff or constable) cannot buy at his own sale, either directly or indirectly — either by himself or an agent — for himself or another. Doe on the demise of
 
 McLeod
 
 v.
 
 McCall,
 
 3 Jones’ Rep. 87.
 

 By a reference to the facts of the case as reported, it is manifest that the sale of officer ?Tate was made by him in behalf, not only of himself, under the executions which he had levied, but also, in behalf of the other officer, Battle, who had also levied simultaneously with Tate, and who was present at the sale, and it is in like manner manifest that Battle bought, hot upon his own motion alone, or for himself, but on account of a mutual understanding between the two, that he was jo buy and hold the legal title to the property, in trust, for the
 
 *564
 
 defendant in the execution'. It is a sale, then, in substance» by two officers, and a purchase by one,, which is, of course, a purchase by the latter at his own sale. This is in contravention of the well established principle as stated above.,
 

 The mischief that is intended to be remedied by the disability of an officer to buy at his sale, would pertain with increased powers of harm to a case of combination between two officers, like the one before us. The purpose of the officers, in question, seems to have been fair and benevolent, but such combinations might be converted into schemes of fraud, as this has been, in fact, by the defendant, who is the assignee of the officer. We think, therefore, that concert of action on the part of the officers, so far from taking it out of the rule, makes it more clearly and strongly liable to its operation,. The case of
 
 Pitts
 
 v.
 
 Petaoay, 12
 
 Ire. Hep. 69, to which our attention has been called, establishes no principle in conflict with the rule as here held ; for, supposing trustees and ministerial officers of the court to stand upon the same footing, and suppose the plaintiff was willing to regard the sale as good
 
 sub
 
 modo, to the extent and for the purpose held in that case, yet, when the plaintiff found the defendant no longer acknowledged the trust, the plaintiff was at liberty also to repudiate it and regard the sale as a nullity.
 

 P®R CraiAM,
 

 Judgment affirmed..