# HENRY C. KRUSE

*v.*

# OTTO STEFFENS et al.

1. ADMINISTRATOR—*purchasing at his own sale.* As a general rule, a person, acting in a fiduciary capacity, cannot be permitted to purchase property at his own sale. And, in such case, it does not matter whether the purchase is in the name of the person conducting the sale, or in the name of another, for his use. And, in such a sale, the law will presume fraud, and the sale will be set aside, at the instance of the party in interest, if he shall apply in reasonable time for that purpose.

2. So, where, at an administrator's sale, the auctioneer at such sale, bids in the premises, in his own name, and subsequently conveys to the administrator the same premises, without consideration, or the execution of notes, with security upon the premises so conveyed, it will be construed as a conveyance by the administrator, to himself.

3. SAME—*of reasonable time for heir to apply to set aside the sale.* In this case, the lands were sold August 25, 1855, and the administrator, as purchaser, entered into possession. A short time prior to the sale, the administrator married the widow of the intestate, and was also appointed guardian of the minor heir, then about six years old. On the 14th of August, 1863, the ward married, and in May, 1865, she died, still in her minority, leaving a son, the issue of the marriage, who also died, in September, 1865. On the 7th of April, 1866, the father, as his sole surviving heir, filed his bill to set aside the sale, and the conveyance thereunder : *Held,* that this was such reasonable time as the law contemplates, within which to commence suit.

4. SAME—*in possession—must account for rents and profits.* The administrator in possession as grantee and purchaser, is liable to account for rents and profits,

in excess of taxes, necessary repairs, debts of estate paid by the administrator, and other proper charges.

APPEAL from the Circuit Court of Randolph county; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion states the facts.

Mr. THOMAS G. ALLEN, for the appellant.

Mr. W. H. UNDERWOOD, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit in chancery, brought by Henry C. Kruse, in the Randolph Circuit Court, to the April term, 1866, against Otto Steffens, Marie Steffens and Frederick Schrieber. It appears from the record that one Diedrich Garloch died intestate, about the 1st of March, 1853, seized in fee of certain real estate, and was in possession thereof, at the time of his death; that he left surviving him, a widow named Marie, and an only child, named Dorothy, at the time, about four years old; that the widow remained in possession of the lands after her husband's death, until the first of December following, when she intermarried with the defendant, Otto Steffens, who went into possession, and has so continued, and received the rents and profits from the same; that Steffens became the administrator of Garloch, and at the July term, 1855, applied to the county court for, and obtained, an order for the sale of the real estate, to pay the debts of the estate; that afterwards, in the month of August, he offered the premises for sale, when Frederick Schrieber bid them off, at the sum of five hundred dollars. And on the 15th day of December following, executed a deed of conveyance to Schrieber, who, on the same day, re-conveyed the premises to Steffens, for the expressed

15—47TH ILL.

consideration of five hundred dollars. It appears that no notes, with security or mortgage, were given, as required by the decree of the county court, by the purchaser, to secure the deferred payments, nor was there any portion paid to the administrator; that Steffens, two days subsequent to receiving the conveyance from Schrieber, was appointed guardian of Dorothy Garloch.

It appears that afterwards, in August, 1863, she intermarried with complainant; that the issue of that marriage was a son, who survived his mother, who died leaving him her sole heir; that afterwards, the son died, leaving his father, complainant, his sole heir, surviving him. The bill waives the oath of defendants to their answers, and prays that the deed of Steffens to Schrieber, and his deed re-conveying the premises to the former, be set aside and held to be void, and for an account of the rents and profits arising from the use and occupation of the lands by Steffens. On the hearing in the court below, the bill was dismissed at the costs of the complainant.

We propose to consider but one question arising upon this record, and that is, whether the sale from Steffens to Schrieber, and the re-conveyance to him, were fraudulent. As a general rule, a person acting in a fiduciary capacity, cannot be permitted to purchase property at his own sale. And in such case, it does not matter whether the purchase is in the name of the person conducting the sale, or in the name of another, for his use. *McConnel* v. *Gibson*, 12 Ill., 128. And, in such a sale, even where there is no fraud proved, the sale will be set aside, if the party in interest shall apply in a reasonable time for that purpose. *Thorp* v. *McCullum*, 1 Gilm., 627. The fact that the person entrusted by the law to make the sale, becomes the purchaser, whether by direct or indirect means, creates such a presumption of fraud as requires the sale to be vacated, if application is made in proper time. *Pensonneau* v. *Bleakley*, 14 Ill., 15; *Wickliff* v. *Robinson*, 18 Ill., 145; *Robbins* v. *Butler*, 24 Ill., 387; *Dennis* v. *McCagg*, 32 Ill., 429;

*Miles* v. *Wheeler*, 43 Ill., 123. This rule is regarded as firmly established by this court, and it is deemed unnecessary to review authorities or to discuss the reason of the rule.

It, then, remains to determine whether Steffens was, in fact, the purchaser of these lands at his own sale. It appears that Schrieber was the auctioneer, and bid off and knocked the lands down to himself as the purchaser. He paid no portion of the purchase money, nor did he execute notes and a mortgage on the premises, to secure the same. After the sale, nothing appears to have been done, until the deeds were interchangably executed by the administrator and the purchaser. As the deeds were both executed at the same time, the law will regard them as forming a part of the same transaction. Considered in this light, the effect was precisely the same as if the administrator had conveyed the lands to himself. There can be no other conclusion than that it was intended the administrator should become the purchaser, and acquire the title. We are, therefore, of the opinion that the sale was voidable, and the court below erred in dismissing the bill. The heir was under disability until a short time before the bill was exhibited. She was a minor at the time of her death, in 1865, and suit was brought in a reasonable time afterwards. The sale being invalid, when set aside, it will leave the parties precisely as if it had not been made.

It was held in the case of *Miles* v. *Wheeler*, that upon setting aside such a sale, the heir is entitled to an account of rents and profits, after deducting repairs, taxes, debts of the estate paid by the administrator, and other proper charges. The rules governing the statement of such an account are there fully specified, and we deem it unnecessary to again announce them in this case.

The decree of the court below is reversed and the cause remanded, with directions to enter a decree in conformity with this opinion.

*Decree reversed.*