## D. H. DOWNING *v.* LYFORD & SENTER. *

### [In Chancery.]

### *Sheriff's Sale to his Agent Void.*

When a sheriff sells property at public auction on an execution to his agent, and the agent bids it off with the tacit understanding that the sheriff was to have it and pay for it, the execution creditor being ignorant of the transaction, such sale may be declared void by a court of equity.

BILL IN CHANCERY. Heard on bill, answer, traverse, master's report and exceptions thereto, March Term, 1884. POWERS, Chancellor, rendered a decree for the orator according to the prayer of the bill.

The defendant Lyford was a deputy sheriff, and as such sold the property in question,—butter-tub machinery, &c.,— on an execution issued against the orator. The bill, among other things, alleged, that, at the sale, "the name of Sen-

* Heard, May Term, 1884.

ter was used to bid off the property for the said Lyford, as the said Lyford could not bid in the same in his own name and hold the same"; and prayed, that "the court will set aside said sale and order the defendants to deliver up said property to your orator."

The master found, in part :

"That while there had been no express contract of sale and purchase of the machinery as between Mr. Senter and Mr. Lyford, still it was the expectation and tacit understanding of both that in the final settlement of their matters, if not before, Lyford would account at some fair and satisfactory price to Senter for the same, and that Senter knew, or felt satisfied, when he bid off the machinery, that Lyford would take it off his hands, and allow therefor $125, if he could not get it for less."

*Geo. W. Wing,* for the orator, cited, to prove that the officer had no right to bid off the property : *Woodbury* v. *Parker,* 19 Vt. 353; *Farnum* v. *Perry & Tr.* 43 Vt. 473.

*John H. Senter* and *Pitkin & Huse,* for the defendants.

The opinion of the court was delivered by

TAFT, J.    The defendant Lyford's title to the property depends upon the validity of the sale on the execution of Colby against the orator.    Lyford was the officer who made the sale, and Senter bid off the property.    Lyford wanted it, and Senter evidently did not.    At the time it was bid off it was the expectation and tacit understanding of both Lyford and Senter that Lyford should have it and pay for it.    It was in fact, although not in form, a sale to Lyford. As such, the orator, having in no way affirmed or consented to it, has the right to have it declared void.    It is unnecessary to pass upon the other questions in the case.

The decree is affirmed, and cause remanded.