CALVIN J. COWLES v JOHN HARDIN et al.

*Execution Sale—Purchaser —Irregularity—Officer Buying at his own Sale.*

Where, under the former statutes regulating sales under execution, an execution issued upon a judgment rendered by a Justice of the Peace, was levied by a 'deputy sheriff upon land, was returned to the proper Court from which a *venditioni exponas* issued, under which the deputy purchased, whose title was subsequently acquired by an innocent purchaser, and it did not appear that the execution debtor had notice of the levy and return thereof, but he did have notice of the sale and purchase: *Held*,

1. That the purchase by the deputy was not void.

2. That the failure to give notice of the levy and return was but an irregularity, which did not affect the purchaser's title.

This is a CIVIL ACTION, for the recovery of land, which was tried before *Boykin, J.*, at May Term, 1887, of WILKES Superior Court.

The plaintiff showed a grant from the State to one Holsclaw, and a conveyance from the latter to one Cousins.

In order to show title out of Cousins, and in himself, he offered evidence of the following facts: Robert Munday was,

in 1857, a deputy sheriff under D. C. McCanless, high Sheriff of Watauga County. An execution, issuing upon a judgment rendered by a Justice of the Peace against Cousins, was, either by the deputy or the Sheriff, levied upon the lands of the debtor, returned to the County Court, from which a *venditioni exponas* issued, under which the land was sold by the high Sheriff, when the deputy became the purchaser and took the Sheriff's deed. It did not appear that Cousins ever had notice of the levy and return, or that an order of sale had been made. Munday took possession and retained it for a number of years, with the knowledge of Cousins.

The plaintiff in this action acquired Munday's title through sale under execution, on a judgment rendered in favor of one Blair.

The defendants asked the Court to instruct the jury " that if Robert Munday was a deputy sheriff at the time he made the levy hereinbefore spoken of, and at the time of the *Sheriff's* sale of the twenty-five acre tract, then the purchase of the land by him would be void, and no title would pass to him by virtue of said sale." The Court declined this prayer because it assumes, as a matter of fact, that Munday made the levy, whereas the evidence was to the effect that he or McCanless, the Sheriff, made it, as is admitted by the defendant in his statement of this case. The Court likewise declined so to charge, because it was of opinion, that as stated, it was not correct as a principle of law, the *Sheriff,* *McCanless,* having made the sale and the same never having been attacked in any way for collusion, fraud, &c.

The defendants also requested the Court to charge the jury " that if Cousins had no notice of said levy, or of its return into Court, or of the judgment of the County Court ordering said sale, then the sale would be void."

The Court declined, being of opinion that the principle did not obtain when the defendant in the execution, Cousins,

in this instance, had knowledge of the sale under execution, the purchase by Munday, the execution of Sheriff's deed and claim and possession thereunder by Munday until he left the State two years thereafter, and acquiesced therein; and when the rights of subsequent purchaser had intervened, as in the case at bar, the Court was of opinion that *under the circumstances of this case*, when the levy was made and returned, and order of sale was entered by the Court, and *venditioni exponas* was issued in pursuance thereof, the law would raise a presumption in favor of this plaintiff—the purchaser at execution sale of Munday's estate—that all necessary intermediate acts, orders and decrees were performed and made by the Court.

There was a verdict and judgment for the plaintiff, from which the defendants appealed.

*Mr. C. H. Armfield*, for the plaintiff.
No counsel for the defendants.

MERRIMON, J.   It does not appear that the deputy sheriff levied the execution issued by the Justice of the Peace upon the land in question, but if he did, he had no further connection with it.   The *venditioni exponas* issued to the Sheriff, and by virtue of it he sold the land, and the mere fact that a person who was the Sheriff's deputy, but not charged with selling it, purchased the land at the sale made by the Sheriff, could not render the sale void.   The buyer—a deputy sheriff—had no official authority in connection with or control over the process, and the sale made under it, and he might bid and buy at it on the same footing as a person without official authority—indeed, as to the sale he had none.   If the Sheriff and his deputy colluded and perpetrated a fraud in the sale and purchase, the defendant in the

execution would have his remedy, but this would not render the sale void *per se,* nor could it affect adversely innocent purchasers.

The statutory regulations pertinent, prevailing at the time of the levy mentioned was made, required that the defendants in the execution should have notice of it and the return thereof, but the absence of such notice was only an irregularity that did not render the sale void. The purchaser was not bound to see that such notice was given, and if the defendant in the execution suffered injury because he did not have it, he had his remedy against the Sheriff or other officer. It seems, however, that he had 'knowledge of the sale, and did not complain of it on that or any account. The purchaser was not bound to take notice of such irregularities. *Buck* v *Elliott,* 4 Ired., 335.

Affirmed.