[No. 14323.    Department Two. — September 4, 1891.]

## GEORGE W. MARSTON, RESPONDENT, *v.* ARVILLE A. WHITE ET AL., APPELLANTS.

FORECLOSURE OF MORTGAGE — CONSTRUCTION OF CODE — SALE OF SEPARATE PARCELS EN MASSE — SETTING ASIDE SALE. — Though section 694 of the Code of Civil Procedure, requiring separate sales of separate parcels of real property under execution, is applicable to sales under a decree of foreclosure, when the decree is silent as to the manner or order in which the separate parcels shall be sold, yet it does not render a sale of separate parcels of land *en masse* under a decree of foreclosure, in disregard of its requirements, absolutely void. Such a sale is voidable, and on timely application will ordinarily be set aside.

ID. — SALE EN MASSE AFTER SEPARATE OFFERS WITHOUT BIDS. — Section 694 of the Code of Civil Procedure does not apply where each distinct parcel is first offered for sale separately and no bids are received; but in such case the property may be offered and sold *en masse*, and the sale will not be set aside.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion.

*Conklin & Hughes,* for Appellants.

The motion to set aside the sale should have been granted, as the sale was made *en masse,* and not as provided for in the statute. (Code Civ. Proc., sec. 694; *Blood* v. *Light,* 38 Cal. 654; 99 Am. Dec. 441; *Smith* v. *Randall,* 6 Cal. 47; 65 Am. Dec. 475; *Rawley* v. *Brown,* 1 Binn. 61; *Piel* v. *Brayer,* 30 Ind. 332; 95 Am. Dec. 699; *San Francisco* v. *Pixley,* 21 Cal. 56; *Jackson* v. *Newton,* 18 Johns. 356; *Vigoureux* v. *Murphy,* 54 Cal. 346.)

*Luce, McDonald & Henderson,* for Respondent.

Even had the sheriff failed to offer the lots separately before selling them together, and conceding, also, that section 694 of the Code of Civil Procedure applies to mortgage foreclosure sales, the action of the trial court in refusing to set aside the sale was correct, as the appellant does not claim that the sale was unfair or that he suffered any loss from the course pursued. (*San Francisco* v. *Pixley,* 21 Cal. 57; *Ross* v. *Mead,* 5 Gilm. 171.) It has never been decided in express terms whether section 694 of the Code of Civil Procedure applies to foreclosure sales or not, but it has been held that a sale *en masse,* if in other respects fair, will not be set aside on the ground that the mortgagor requested the sheriff at the time of the sale to sell the land in separate tracts. (*Hopkins* v. *Wiard,* 72 Cal. 259. See *Carmichael* v. *McGillivray,* 57 Cal. 9, 10.) The rule that distinct parcels should be separately sold is not generally enforced to the extent of denying the right to sell when the sale can be made in no other way. Hence the officer, after offering the parcels separately and in various combinations, without receiving any bids, may then offer and sell them *en masse.* (Freeman on Executions, sec. 296; *San Francisco* v. *Pixley,* 21 Cal. 59; *Phelps* v. *Conover,* 25 Ill. 309; *Van Valkenburg* v. *Trustees,* 66 Ill. 103; *Lamb* v. *McConkey,* 76 Iowa, 47; *Weaver* v. *Guyer,* 59 Ind. 195; *Mugge* v. *Helgemeier,* 81 Ind. 120; *Nix* v. *Williams,* 110 Ind. 234.)

BELCHER, C. — This is an appeal from an order refus-
ing to set aside a sale of real property under a decree of
foreclosure of mortgages upon t ,e property.

It appears from the bill of exceptions that the prop-
erty described in the mortgages and decree of foreclos-
ure consisted of two parcels of land, known as lot D and
lot I in block G of Horton's Addition to the city of San
Diego. The decree was duly rendered on the twelfth
day of October, 1889, and thereafter, on the third day of
March, 1890, when the sheriff of San Diego County,
after due notice, was about to sell the property under an
order of sale issued in pursuance of the decree, the ap-
pellant directed the sheriff, both orally and in writing, to
sell the lots separately, and as to the order in which they
should be sold. The sheriff offered the lots for sale sep-
arately as directed, but received no bids for either of
them, and he then offered them as a whole, and they
were struck off and sold to the respondent, who was the
highest bidder and one of the mortgagees. A return to
this effect was made on the writ, and a certificate of sale
given to the purchaser.

On the 14th of August, 1890, the appellant served
upon the respondent her affidavit and notice of motion
to set aside the sale, upon the ground that the lots were
not sold separately, as required by section 694 of the
Code of Civil Procedure and as directed by her.

When this motion came on to be heard, the appellant
introduced in evidence her notice of motion and affida-
vit in support thereof, a copy of the notice served on the
sheriff prior to the sale, the order of sale and the sher-
iff's return thereon, and then rested. After argument
by counsel for the respective parties, the court denied
the motion, and the appellant excepted to the ruling.

Section 694 of the Code of Civil Procedure provides
that " when the sale is of real property, consisting of
several known lots or parcels, they must be sold sepa-
rately; or when a portion of such real property is claimed
by a third person, and he requires it to be sold sepa-

rately, such portion must be thus sold. The judgment debtor, if present at the sale, may also direct the order in which property, real or personal, shall be sold, when such property consists of several known lots or parcels, or of articles which can be sold to advantage separately, and the sheriff must follow such directions."

It has been held that this section is applicable to sales under a decree of foreclosure, when the decree is silent as to the manner or order in which the separate parcels shall be sold. (*Ontario Land & Imp. Co.* v. *Bedford,* 90 Cal. 181.) It does not, however, render a sale of separate parcels *en masse,* in disregard of its requirements, absolutely void. Such a sale is voidable, and on timely application will ordinarily be set aside. (*San Francisco* v. *Pixley,* 21 Cal. 57; *Blood* v. *Light,* 38 Cal. 654; 99 Am. Dec. 441; *Browne* v. *Ferrea,* 51 Cal. 552; *Vigoureux* v. *Murphy,* 54 Cal. 346.)

But while the rule declared by the code as above is controlling and should be strictly followed, still, it cannot be held to apply where each distinct parcel is first offered for sale separately and no bids are received. In such case, the property may then be offered and sold as a whole, and the sale will be upheld, unless other reasons appear for setting it aside. The rule applicable to such cases is stated, and as we think correctly, in Freeman on Executions, section 296, as follows: "The rule that distinct parcels should be separately sold is not generally enforced to the extent of denying the right to sell when the sale can be made in no other way. Hence the officer, after offering the parcels separately and in various combinations, without receiving any bids, may then offer and sell them *en masse.*" And see authorities cited.

Here the lots were offered separately, as directed by the appellant, and the only ground urged for setting aside the sale was, that they were then sold together. This, as we have seen, was not a valid ground, and hence it follows that the order appealed from was proper, and should be affirmed.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.