## W. R. HENDERSON, Respondent, v. W. F. FISHER, Appellant.

CHATTEL MORTGAGE — SALE OF PROPERTY — MANNER OF SALE.—Under sections 2967 and 3005 of the Civil Code a sale of property under a chattel mortgage must be had at public auction in the manner and upon the notice of sale of personal property under execution.

ID.—SALE BY MORTGAGEE THROUGH AGENT—PURCHASE BY MORTGAGEE.— Where the mortgagee in a chattel mortgage conducted the sale of the mortgaged property through his agent, and himself became a purchaser, his position was analogous to that of a sheriff bidding at his own execution sale, and such sale would be at least voidable, if not void.

ID.—UNFAIR AND FRAUDULENT SALE — ACTION TO SET ASIDE — FINDING JUSTIFIED.—In an action to set aside the sale by a mortgagee of mortgaged personal property, the fact that at the sale all the property was sold *en masse* that the plaintiff (the mortgagor) was

present and made reasonable effort to have the property sold in parcels to suit the convenience of bidders present, but that such efforts were ignored, that bidders who were present offered the defendant and his agent conducting the sale to bid reasonable sums on certain portions of the property, but these offers were also ignored, that the character of the property was such that it would probably have brought more if sold in parcels than *en masse*, and that the property was sold for $506, although its value was two thousand five hundred dollars, justified a finding by the court that the sale was unfairly and fraudulently conducted by the defendant with intent to foreclose the plaintiff's equity of redemption, and to purchase it for his own benefit for less than the actual value.

Id.—Essentials to Effective Sale by Mortgagee.—To be effective, a sale by a mortgagee must, in all respects, be fairly and honestly conducted, and the property must not by any unfairness be sacrificed for less than its fair market value.

Id.—Right of Mortgagee to Purchase.—As a general rule, the mortgagee cannot purchase at his own sale under the power in the mortgage, in the absence of an agreement in the mortgage or statutory provision to that effect.

Id.—Liability of Mortgagee.—By purchasing at his own sale in the absence of such agreement or statutory provision, the mortgagee becomes liable to the mortgagor for the actual value of the property at the time of the sale, without reference to the amount bid.

APPEAL from a judgment of the Superior Court of Modoc County. Clarence A. Raker, Judge.

The facts are stated in the opinion of the court.

Jamison & Wylie, for Appellant.

C. S. Baldwin, for Respondent.

BURNETT, J.—The action involved the validity of a sale of certain horses and mules under chattel mortgage of the same given in connection with a real estate mortgage to secure the payment of a promissory note of four thousand dollars and interest. The sale of said personal property was set aside by the court by reason of irregularity in the proceedings connected with said sale and, also, because the court found that said sale was unfairly and fraudulently conducted by the defendant with the ''intent and design on his part to foreclose plaintiff's equity of redemption in and to the mortgaged per-

sonal property and to purchase the same thereat for himself and for his own use and benefit at a sum far less than the actual value thereof.''

The irregularity in said sale consisted in the fact that the defendant was a purchaser of the property and that he disregarded the directions of plaintiff as to the order in which the property should be sold.

There can be no doubt that the findings of the court in these particulars are amply supported by the evidence, and that the said findings warrant the judgment that was entered in favor of plaintiff for the recovery of the sum of $1,941.66.

As to the sale, the law provides that it must be had at ''public auction in the manner and upon the notice of sale of personal property under execution.'' (Civ. Code, secs. 2967, 3005.)

Section 694 of the Code of Civil Procedure prescribes the manner of sale under execution, and the portions of this section particularly applicable to the case at bar are as follows: ''Neither the officer holding the execution nor his deputy can become a purchaser or be interested in any purchase, at such sale. When the sale is of personal property, capable of manual delivery, it must be within view of those who attend the sale, and be sold in such parcels as are likely to bring the highest price.'' Furthermore, ''the judgment debtor, if present at the sale, may also direct the order in which, the property, real or personal, shall be sold, when such property consists of several known lots or parcels, or of articles which can be sold to advantage separately, and the sheriff must follow such directions.''

Since it appears, both from the pleadings and the evidence, that the mortgagee, through his agent, conducted the sale and became a purchaser of the mortgaged property at such sale the position of appellant was analogous to the sheriff in conducting an execution sale, and, hence, the effect as to appellant of said sale would be the same as if the sheriff had bid at an execution sale. But, in the latter instance, under the decisions, there can be no doubt that the sale would be, at least, voidable, if not void. (*Wickliff* v. *Robinson*, 18 Ill. 145; *Price* v. *Thompson*, 84 Ky. 219, [1 S. W. 408]; *Carr* v. *Houser*, 48 Ga. 417.)

The case of *Wright* v. *Ross*, 36 Cal. 442, is cited by appellant in support of the position that the mortgagee may become

a purchaser of the mortgaged property. It is to be observed, however, that this case related to a *judicial sale* and was had before section 3005 of the Civil Code was amended in 1909. That decision is not in point upon the proposition before us.

As to the manner of sale the court found: "That at said sale all of said property was sold *en masse*; that plaintiff was present at said sale and made a reasonable effort to have said property sold in parcels to suit the convenience of bidders present at said sale, and that his efforts in that behalf were ignored by defendant and his agent who conducted said sale; that bidders present at said sale offered to defendant and to his agent who conducted said sale to bid reasonable sums for certain portions of said property less than the whole, but that said offers were ignored by defendant and his agent who conducted the sale, and that the character of said personal property is such that it would probably bring more if sold in parcels than if sold *en masse.*"

As before stated, this finding is supported by the evidence. It further appears from the evidence and the court found that the value of said mortgaged property was at the time of said sale and ever since has been of the amount of two thousand five hundred dollars. It was all sold, however, for the sum of $506. It was upon that fact in connection with the manner in which the sale was conducted that the court based its decision that this sale was unfairly and fraudulently conducted by defendant, which finding we have hereinbefore sufficiently recited. We think that this finding was justified by the facts to which we have hereinbefore alluded.

As to the principles of law applicable to the facts of the case there can be little dispute and we may briefly state them.

To be effective a sale by a mortgagee must in all respects be fairly and honestly conducted, and he has no right by any unfairness to sacrifice the property for anything less than its fair market value. The conduct and fairness of a sale of chattels by a mortgagee, and the rights acquired under such sale will always be open to investigation at the instance of the mortgagor. As a general rule, the mortgagee cannot purchase at his own sale under the power in the mortgage in the absence of an agreement in the mortgage or of statutory provisions to that effect. His purchase may invalidate the sale and does not bar the mortgagor of his equity of redemption. By such act, a mortgagee becomes liable to the mortgagor for

38 Cal. App.—18

the actual value of the property at the time of the sale without reference to the amount bid. His liability, in such cases, is for the difference between the market and the actual value of the property sold, notwithstanding he was not guilty of actual fraud.

Where the mortgaged property consists of many parcels, and the mortgagee offers the whole for sale in a lump, instead of offering it in such lots as would suit the convenience of buyers, this is considered an unfair manner of sale.

The foregoing principles of law applicable to the situation are enunciated in a note to the case of *Wygal* v. *Bigelow*, 16 Am. St. Rep. 495, to which we may refer for a comprehensive discussion of the whole subject. Many cases are therein considered which have an important bearing upon the position of respondent herein and are in harmony with the decision of the trial court.

It may be remarked in conclusion that the court allowed appellant credit for the balance due on his note, and gave plaintiff judgment for the difference between that and the actual value of the stock as shown by the evidence. We can see no merit in the claim of appellant, and we presume he probably concluded that there was no valid answer to respondent's contention, as he has filed no final brief in the case and did not appear for oral argument.

The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.

---

[Civ. No. 1545. Third Appellate District.—September 25, 1918.]