[Civ. No. 3062.   Third Appellate District.—March 18, 1926.]

## F. E. JOHNSON, Appellant, v. T. J. TYRRELL, Respondent.

[1] MORTGAGES—FORECLOSURE SALES—CODE PROVISIONS APPLICABLE.— Sections 684 and 694 of the Code of Civil Procedure, relating to sales on execution, are applicable to mortgage foreclosure proceedings.

[2] ID.—DEPUTY SHERIFF AS PLAINTIFF—RIGHT TO PURCHASE—LEGAL FRAUD.—The fact that the plaintiff in the mortgage foreclosure action, or the real party for whom such action is prosecuted, is a deputy sheriff does not render inapplicable the prohibitory provision of section 694 of the Code of Civil Procedure that "Neither the officer holding the execution nor his deputy can become a purchaser or be interested in any purchase, at such sale"; and where the sale in such action is held by the sheriff, and said deputy sheriff becomes the purchaser, anyone interested in the property sufficient to give him a right of action can have such sale set aside as to him, on the ground of its being by the statute made a legal fraud.

[3] ID.—FAIR TRANSACTION—PROHIBITED SALE.—Where such foreclosure sale is held by the sheriff, and one of his deputies becomes the purchaser, the fact that the transaction was otherwise fair, that the bidding was spirited, and the price paid was the full market value of the property cannot be relied upon to sustain such sale, it being a prohibited sale and purchase and not a mere irregularity.

[4] ID. — SALES EN MASSE — JUDGMENT — IRREGULARITY. — Failure to comply with the provision of section 694 of the Code of Civil Procedure, relating to sales *en masse*, is a mere irregularity; and where the mortgage foreclosure decree directs the sale of the property to be made in one parcel, and such judgment becomes final, the foreclosure sale will not be set aside upon that ground alone.

[5] ID.—PROHIBITED SALE—QUIETING TITLE—JUDGMENT—RESALE.—In an action by a party in interest to quiet title to real property sold under foreclosure by the sheriff and purchased by his deputy (for whose benefit the foreclosure proceeding was prosecuted), the

---

1.  See 18 Cal. Jur. 547.

2.  Validity of purchase at execution sale by officer or deputy, note, Ann. Cas. 1914B, 83. See, also, 11 Cal. Jur. 74, 307; 10 R. C. L. 1307.

4.  See 18 Cal. Jur. 567.

plaintiff should have judgment canceling the deed executed by the sheriff to his deputy and, also, vacating and setting aside the sale made by the sheriff to his deputy, leaving the defendant the right to proceed under his decree of foreclosure and have the premises resold according to law.

(1) 27 Cyc., p. 1696, n. 22.   (2) 23 C. J., p. 618, n. 81, p. 644, n. 58, 63; 27 Cyc., p. 1700, n. 53, p. 1713, n. 67.   (3) 27 Cyc., p. 1712, n. 63.   (4) 27 Cyc., p. 1712, n. 64.   (5) 27 Cyc., p. 1719, n. 14, 15, 19.

APPEAL from a judgment of the Superior Court of Yuba County. E. P. McDaniel, Judge. Reversed.

The facts are stated in the opinion of the court.

Crofton & Wetmore and Russell P. Tyler for Appellant.

W. H. Carlin for Respondent.

PLUMMER, J.—Action by plaintiff to quiet title to the south half of lot 6 and the north quarter of lot 7, in block 5, range F, city of Marysville, and for other relief. The defendant had judgment and the plaintiff appeals.

The record shows that on or about the twenty-sixth day of February, 1917, Emma A. Boggess and her husband, R. A. Boggess, for a valuable consideration, made, executed, and delivered to the defendant T. J. Tyrrell a mortgage on the above-described property to secure the payment of a promissory note for $4,500; that thereafter, and on or about the seventeenth day of March, 1917, the said Emma A. Boggess and R. A. Boggess made, executed, and delivered a certain deed of trust to Harold E. Haven and Lloyd D. Hare, as trustees, to secure the payment to C. F. Oldham and Joan Oldham of a certain promissory note in the sum of $1,000; that on or about the twenty-third day of February, 1922, one R. E. Colling, to whom the said T. J. Tyrrell had assigned the note and mortgage for collection, began suit against the said Emma A. Boggess and others to foreclose the mortgage executed and delivered as aforesaid on the twenty-sixth day of February, 1917; that on or about the seventeenth day of August, 1922, a decree of foreclosure of said mortgage was entered in the superior court of the county of Yuba, in which said action was pending; that on or about the nineteenth day of August, 1922, an order

of sale was issued out of said court directing the sheriff of the county of Yuba to sell the said property, pursuant to the decree of foreclosure entered in the case just referred to; that thereafter the sheriff of said Yuba County proceeded to sell said property and on or about the twenty-fifth day of September, 1922, at the time and place specified in the notice previously given of said sale, did offer said mortgaged property for sale at public auction, and that at such sale T. J. Tyrrell became the purchaser thereof; that said T. J. Tyrrell, the defendant in this case, at all the times during the pendency of the foreclosure proceedings herein referred to, and at the time of the sheriff offering said property for sale, and at the time of the purchase thereof by the said defendant, T. J. Tyrrell, was a deputy sheriff of the county of Yuba, holding such office by appointment from the sheriff of said county, making the foreclosure sale.

That after the foregoing proceedings were taken and had the trustees appointed in the trust deed herein referred to proceeded to make sale of the property, and at such sale one Mabel I. Reisner became the purchaser thereof, and on the twenty-second day of March, 1923, said Mabel I. Reisner and J. Reisner, her husband, transferred and conveyed said property to the plaintiff in this action. It further appears that on or about the twenty-eighth day of September, 1923, the sheriff of the county of Yuba made, executed, and delivered to the defendant T. J. Tyrrell a sheriff's deed to the property hereinbefore described, purporting to convey the same to the said defendant T. J. Tyrrell. This action is prosecuted for the cancellation of said deed as a cloud upon the plaintiff's title and for a decree of the court finding and declaring the sale of said property under said decree in the foreclosure action null and void. It is also a part of the prayer of the complaint that the decree of foreclosure and sale made and entered in said foreclosure be also declared null and void.

The complaint in the action also alleges that said property consists of two known lots and parcels and should have been sold separately instead of *en masse;* that if sold separately a much higher price would have been obtained therefor; that said property was sold for the sum of $5,582.72; that the south half of said lot 6 was of the market value

of $4,500 and the north quarter of lot 7 was of the market value of $4,000. The court found that the market value of the property was not in excess of the sum paid therefor by the defendant. It further appears that the amount bid by the defendant for said property was the amount due upon the mortgage assigned by the defendant in the foreclosure proceedings for the purposes of collection. The court further found that the plaintiff in this case has no title to the premises referred to and at no time has had any such title. This finding is based apparently upon the conclusion of the court that the foreclosure sale conveyed an absolute and indefeasible title to the defendant in this case.

There is but one question to be determined upon this appeal. Has the plaintiff, as the possessor of the right, title, and interest of the mortgagors in and to the property in question, a right to have the deed referred to canceled and the sale set aside for the reason that the sale was made by a sheriff, the principal, to his deputy? Section 694 of the Code of Civil Procedure, among other things, specifies as follows: "Neither the officer holding the execution nor his deputy can become a purchaser or be interested in any purchase, at such sale." The same section also provides that when a sale is made of real property consisting of several known lots or parcels, they must be sold separately. Section 726 of the Code of Civil Procedure provides that there can be only one action for the enforcement of any right secured by a mortgage, and directs that the property may be sold by the sheriff, or by a commissioner or by an elisor. In relation to the power given to the commissioner, that section reads: "If the court appoint a commissioner for the sale of the property, he must sell it in the manner provided by law for the sale of like property by the sheriff upon execution; and the provisions of chapter one, title nine, part two, of this code are hereby made applicable to a sale made by such commissioner, and the powers therein given and the duties therein imposed on sheriffs are extended to such commissioner." [1] It has been held in this state that sections 684 and 694 of the Code of Civil Procedure are applicable to foreclosure proceedings. (*Ontario Land etc. Co.* v. *Bedford,* 90 Cal. 185 [27 Pac. 39].) The court there said on this subject: "The process under which the

judgment in this class of cases is enforced if (is) provided
for in section 684 of the Code of Civil Procedure, and the
subsequent section, 694, which is a part of the same chapter,
dealing with the general subject of the execution of judg-
ments, is applicable to sales of real property under judg-
ments of foreclosure; and when, as in this case, the
judgment is silent as to the manner or order in which the
separate parcels shall be sold, the judgment debtor has the
right to require that separate lots or parcels shall be sold
separately, and may also direct the order in which they
shall be sold." The applicability of section 694 of the Code
of Civil Procedure to foreclosure proceedings was before
the supreme court in the case of *Marston* v. *White,* 91 Cal.
37 [27 Pac. 588]. The court there followed and reaffirmed
the ruling had in the Ontario Land etc. Co. case. Section
684 of the Code of Civil Procedure, referred to as applicable
in the foregoing cases, reads, with regard to the sale of
real property: "When the judgment requires the sale of
property, the same may be enforced by a writ reciting such
judgment, or the material parts thereof, and directing
the proper officer to execute the judgment, by making the
sale and applying the proceeds in conformity therewith,"
etc.

[2] It thus appears to be settled that the words "neither
the officer holding the execution nor his deputy can become
a purchaser at such sale," found in section 694 of the Code
of Civil Procedure, are applicable to the case at bar. The
fact that the mortgaged property in question was sold by
the sheriff to his deputy is admitted, but the applicability
of the prohibitory section just referred to, found in section
694, *supra,* is denied by the respondent. This claim is
based upon the decision in *Jackson* v. *Collins,* 3 Cow.
(N. Y.) 89, where it was held that where a deputy sheriff
was the plaintiff in the writ or otherwise was interested in
the property to be sold that, excluding him from the right
to purchase might result in the sacrifice of his interest, the
sheriff or deputy would not be regarded as disqualified even
under the statute forbidding a sheriff, or any of his depu-
ties, from bidding at a sale. The case of *Cowles* v. *Hardin,*
101 N. C. 388 [9 Am. St. Rep. 36, 7 S. E. 896], is referred
to in one of the cases cited by respondent supporting this
rule. An examination of this latter case, however, reveals

the fact that the court held that a sale by the sheriff to his deputy did not render the sale absolutely void, and that where the property had been conveyed to an innocent purchaser, the purchaser's title would be held good. Thus the decision rested upon the doctrine of innocent purchasers intervening.

In none of the cases called to our attention has a violation of the prohibitory provision referred to, contained in section 694 of the Code of Civil Procedure, been held a mere irregularity. The only question seems to be whether such a sale is voidable at the instance of an interested party, or absolutely void. Some of the states have statutes reading that such sales shall be regarded as fraudulent and void. Following the rule laid down having to do with transactions by debtors where the statute provides that certain transfers as to creditors are void, it would seem to us that the addition of the words "fraudulent and void" add nothing to our statute in legal effect, as such sales would only be declared void at the instance of some interested party possessing an interest in the property. Thus, whether the statute reads "void" or "voidable" would make no material difference in its application to the facts of such prohibited sale. The words of our code are prohibitory. They say that a deputy cannot become a purchaser or be interested in any purchase at such sale, which actually means that anyone interested in the property sufficient to give him a right of action can have such sale set aside as to him, on the ground of its being by the statute made a legal fraud.

Freeman on Executions, third edition, volume 2, section 292, sets forth the law on this subject as follows: "In many of the states statutes have been enacted forbidding the officer executing the writ, and all of his deputies, from purchasing at or being interested in the sale; and declaring that any sale in which he or they shall be interested shall be regarded as fraudulent and void. These statutes but give expression to the policy which was everywhere respected long anterior to their passage. It was always understood that the officer holding an execution should be removed from all temptations to the fraudulent exercise of his authority. To accomplish this object, it has ever been held that he should, under no circumstances, be interested in the sale. Hence,

when, in a proceeding instituted to vacate a sale, it is shown that the officer purchased in his own name, or that some other person made the purchase for the officer's benefit, the vacation must be made; and this result cannot be avoided by showing that the transaction was fair, the bidding spirited and the price paid was the full value of the property. (*Mills* v. *Goodsell,* 5 Conn. 475 [13 Am. Dec. 90]; *Mapps* v. *Sharpe,* 32 Ill. 13; *Mark* v. *Lawrence,* 5 Har. .& J. (M. D.) 64; *Robinson* v. *Clark,* 52 N. C. (Jones) 562 [78 Am. Dec. 265]; *Johnson* v. *Pryor,* 5 Hayw. (Tenn.) 243; *Scott* v. *Mann,* 36 Tex. 157; *Dempster* v. *West,* 6 Chic. L. N. 335; *McConnell* v. *Gibson,* 12 Ill. 128; *Downing* v. *Lyford,* 57. Vt. 507.)'' To the same effect is the case of *Miller* v. *Winslow,* 70 Wash. 401 [Ann. Cas. 1914B, 833, 126 Pac. 906], and note appended to the case as last cited, where a number of cases are collected supporting the rule holding such sales voidable at the election of interested parties. See, also, 11 Cal. Jur., sec. 30, p. 74; 11 Cal. Jur. sec. 7, p. 307; 23 C. J., sec. 554, p. 617; 23 C. J., sec. 604, p. 643; see, also, note to *Credle* v. *Baughman,* 136 Am. St. Rep. 790 et seq.

The reasoning in the few cases upholding the right of a deputy to purchase at a sale made by his principal is entirely wanting in this state, where provision is made for the appointment of a commissioner or an elisor to make the sale, and this provision further extends the right to have such appointment made at any time after the decree of foreclosure is entered.

A somewhat similar case was before this court in the case of *Henderson* v. *Fisher,* 38 Cal. App. 270 [176 Pac. 63], involving the validity of a sale under a chattel mortgage. After referring to the prohibitory provision we are considering set forth in section 694 of the Code of Civil Procedure, the court there said: ''Since it appears, both from the pleadings and the evidence, that the mortgagee, through his agent, conducted the sale and became a purchaser of the mortgaged property at such sale the position of appellant was analogous to the sheriff in conducting an execution sale, and, hence, the effect as to appellant of said sale would be the same as if the sheriff had bid at an execution sale. But, in the latter instance, under the decisions,

there can be no doubt that the sale would be, at least, voidable, if not void." (Citing cases.)

[3] As laid down in Freeman on Executions, as shown by the paragraph quoted, the fact that the transaction was otherwise fair, that the bidding was spirited, and the price paid was the full market value of the property cannot be relied upon to sustain such a sale, it being a prohibited sale and purchase and not a mere irregularity. It is further set forth in Freeman on Executions that where there is no statute on the subject, such sales are held void as against public policy and may be avoided on that ground by the mortgagor, or his successors in interest. [4] As to the question as to the sale *en masse,* this state has held that failure to comply with such provision of the statute is an irregularity and that where a judgment so provides a sale will not be set aside upon that ground alone (*Hopkins* v. *Wiard,* 72 Cal. 259 [13 Pac. 687]). The judgment in the foreclosure proceeding under consideration directed the sale of the property to be made in one parcel, and not having been appealed from, that judgment has become final in that respect and cannot be interfered with in this case.

The Winslow case, to which we have referred, is identical with the case at bar in that it was an action to set aside a deed and vacate the sale. It also included the right to redeem from certain delinquent street assessments. The court held the deed void at the instance of the plaintiffs, interested parties, and remanded the cause for further hearing to ascertain the amount due the defendants and to fix a time within which the same should be paid.

No other issues were presented to the trial court for determination than those which we have considered herein and the cause has been submitted to us upon the one question set forth in this opinion. [5] Upon the case made as set forth in the transcript and presented to us, we think the plaintiff should have had judgment canceling the deed executed by the sheriff to his deputy and, also, vacating and setting aside the sale made by the sheriff to his deputy. There appears no reason why any further relief prayed for in the plaintiff's complaint should be granted. The right of the defendant to proceed under his decree of foreclosure and have the premises resold according to law appears to be well founded. It is therefore ordered that the judgment

of the lower court be and the same is hereby reversed and the cause remanded for further proceedings in accordance with this opinion.

Finch, P. J., and Hart, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 17, 1926.